## 21071.   SMYLY *et al.* v. SMITH *et al.*

QUILLIAN, Justice.   This is a minority stockholder's suit, brought against the individual directors of a corporation, without making the corporation either a party plaintiff or a party defendant, seeking to enjoin the directors from making certain changes in the machinery used in the corporation's cotton mills, from making certain expenditures of corporate funds, and from borrowing money on behalf of the corporation to accomplish such purposes.   The suit is in two counts, and the exception here is to the trial court's sustaining general demurrers to both counts and dismissing the petition. *Held:*

1. Primarily the right of action for wrongs suffered by the corporate interests is in the corporation, and an action for such wrongs cannot be maintained by a stockholder, however injuriously it may affect him, unless he alleges such fraud on the part of the corporation and complicity in the alleged wrongs as would seriously affect his interest; and, in such a case, it is indispensable that the stockholder make the corporation a party defendant to such a proceeding.   This is to say that, where the corporation refuses to sue, a stockholder may, by complying with the conditions prescribed in *Code* § 22-711, bring such an action for the benefit of the corporation, but to the stockholder's action the corporation is not merely a proper party, but is an essential, indispensable party, and a failure to make the corporation a party is not a mere defect of parties, but leaves the stockholder without a cause of action and the court without jurisdiction.   14 C. J. 941, § 1461; *Steele Lumber Co. v. Laurens Lumber Co.,* 98 Ga. 329 (24 S. E. 755); *Smith v. Coolidge Banking Co.,* 147 Ga. 7, 8 (92 S. E. 519); *Wagner v. Biscoe,* 190 Ga. 474 (9 S. E. 2d 650); *Kimbrough v. Gainesville Mather Co.,* 53 Ga. App. 735 (187 S. E. 169); *Greenwood v. Greenblatt,* 173 Ga. 551 (3) (161 S. E. 135).

2. The distinction between the mere nonjoinder of a proper party which opens the petition to special demurrer, and the failure to name an indispensable party, whose presence before the court is essential to an adjudication of the right of recovery prayed, is ably discussed in *Sowell v. Sowell,* 212 Ga. 351 (92 S. E. 2d 524), where it is held that the omis-

sion to name an essential, indispensable party results in the failure of the petition to set forth a cause of action and subjects it to general demurrer.

3. Under the authorities cited above, the petition, having failed to make the corporation a party to either of the two counts, is subject to dismissal on demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1960—DECIDED JANUARY 5, 1961.

*Ross & Ross, A. Russell Ross, Bloch, Hall, Groover & Hawkins,* for plaintiffs in error.

*Hal M. Smith,* contra.