21952. WARR, Executor v. MILLER et al.

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 7, 1963.

*Scott Walters, Jr., Jimmy D. Harmon,* for plaintiff in error.
*Margaret Hopkins, George C. Kennedy, Essley B. Burdine,* contra.

GRICE, Justice. Was the petition, which sought to set aside a judgment for year's support of the widow, sufficient against general demurrer? That is the controlling issue here. It arose upon the filing of a petition in the Superior Court of Meriwether

County, Georgia, and the subsequent dismissal of that petition pursuant to the defendants' general demurrers.

The allegations of the petition, sufficient for the purpose of this review, follow.

The plaintiff, Tommie Watson Warr, Jr., son of Tommie Watson Warr, Sr., by a former wife and the surviving executor of his will, brought the suit against Charlie Miller, Sr., and others, the heirs at law of the testator's widow, Alma Miller Warr. The will devised the tract of land in question to the widow for her life. It was duly probated in the Court of Ordinary of Meriwether County, Georgia, and letters testamentary were issued to the plaintiff son and the widow Alma Miller Warr as joint executors.

An application for year's support was subsequently filed by the widow and pursuant to it the tract of land in question was set apart to her by judgment rendered by the court of ordinary. That judgment was procured by fraud, in that she misrepresented that no administration was then pending and also in that the plaintiff co-executor received no notice of the application for year's support.

The widow later died intestate. There is no administration on her estate, an order having been entered by the court of ordinary that no administration was necessary. The defendants, the widow's heirs at law, have been in possession and control of the land since her death.

In count 1 the plaintiff executor seeks to set aside the year's support judgment for fraud and to enjoin the defendant heirs of the widow from interfering with his control and possession of such land. In count 2, which is predicated on the invalidity of the year's support judgment and thus is dependent upon count 1, the plaintiff executor seeks to recover from Alma Miller Warr's heirs certain rents and the proceeds from forest products sold from the tract in question.

The defendants' general demurrers attack the petition as a whole and each count upon the ground that no cause of action is set forth, and also that any cause of action to set aside the judgment is barred by the statute of limitation and, without that relief, no other relief sought in either count can be granted.

In support of their contention that the petition fails to set forth a cause of action, the defendants assert several specific reasons. However, as we appraise the grounds of general demurrer and the reasons given in support, it is necessary to refer to only one, as it is decisive.

The petition is fatally defective due to lack of a necessary defendant. Although it seeks to set aside the judgment obtained by the widow, now deceased, her legal representative is not made a party.

The facts here fit the rule that "to set aside a judgment the party in whose favor it was rendered, or if dead his legal representative, is a necessary party." *Bullard v. Wynn,* 134 Ga. 636 (2) (68 SE 439). See also *Grier v. Jones,* 54 Ga. 154 (2) ; *Saliba v. Saliba,* 202 Ga. 279 (7) (42 SE2d 748) ; *Burgess v. Burgess,* 210 Ga. 380 (80 SE2d 280) (one Justice not participating).

That there is now no administration upon the estate of Alma Miller Warr, and particularly that an order of no administration thereon has been obtained does not call for an exception to this rule.

In *Bullard v. Wynn,* 134 Ga. 636, supra, this court held that the fact that no administrator had been appointed upon the estate of the party in whose favor the judgment was rendered did not alter this requirement. It pointed out (p. 640): "If in some cases, on account of the fact that there is no estate to administer, an administrator cannot be appointed, this may be a matter for legislative consideration as to whether that body will make proper provision for such a contingency. But the fact that a man obtains a judgment and afterwards dies without leaving an estate will not authorize the adverse party to move to set aside the judgment with no party respondent."

Furthermore, in *Whitley Grocery Co. v. Jones,* 128 Ga. 791 (58 SE 623), it was held that this requirement was not excused because the court of ordinary had dismissed the administrator of the party who had obtained the judgment then sought to be set aside. In so holding it was declared: "It is urged that the administrator has since been granted letters of dismission by the court of ordinary, and therefore cannot be made a party to this petition. In that lies the insuperable difficulty to entertain-

ing the proceeding at all. The administrator is a necessary party. . . . Under certain circumstances it has been held that an equitable proceeding to set aside an executor's deed could be maintained without the presence of the executor who had died [citation]. But this is different from setting aside a judgment without the presence of the party in whose favor it was rendered, or any person representing him. . . The demurrer should have been sustained and the petition dismissed." See also *Little v. King*, 211 Ga. 872 (89 SE2d 511).

The failure of a necessary party is jurisdictional. "The distinction between the mere nonjoinder of a proper party which opens the petition to special demurrer, and the failure to name an indispensable party, whose presence before the court is essential to an adjudication of the right of recovery prayed, is ably discussed in *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524), where it is held that the omission to name an essential, indispensable party results in the failure of the petition to set forth a cause of action and subjects it to general demurrer." *Smyly v. Smith*, 216 Ga. 529 (2) (118 SE2d 188).

The cases relied upon by the plaintiff in error differ on their facts and thus are not applicable here.

The trial court properly dismissed the petition upon general demurrer.

*Judgment affirmed. All the Justices concur.*