## A00A0255. KILBURN v. YOUNG.
### (536 SE2d 769)

RUFFIN, Judge.

Galen Kilburn, the majority stockholder of Kilburn-Young Asset Management Corporation (KYAMC), filed a derivative action on behalf of the corporation against Robert Young, alleging among other things that Young misappropriated corporate funds for his own benefit while serving as president and chief executive officer. Young moved to dismiss the complaint on the grounds that Kilburn failed to join the corporation as an indispensable party. The trial court granted this motion, as well as Young's request for attorney fees. For reasons discussed below, we reverse.

1. Young concedes that "Kilburn possesses the authority to act *derivatively* on KYAMC's behalf by filing a proper shareholder derivative action," but contends that Kilburn must name KYAMC as a defendant in such an action and serve it with process. Young argues that failure to name KYAMC as a defendant is a jurisdictional mat-

ter and thus requires dismissal. Kilburn, by contrast, argues that KYAMC is already properly before the court as a party plaintiff by virtue of the fact that he filed the complaint derivatively on its behalf. Kilburn also argues that, even if the corporation is not properly before the court either as a plaintiff or a defendant, the remedy for failure to join an indispensable party is not dismissal, but joinder. We agree with Kilburn's second contention, but not the first.

The concept of a shareholder derivative suit has its origins in equity.[1] In a derivative suit,

> the shareholder sues on behalf of the corporation for harm done to it. Ordinarily, therefore, any damages recovered in the suit are paid to the corporation. Historically, the derivative suit was conceived of as a double suit, or two suits in one: The plaintiff (1) brought a suit in equity against the corporation seeking an order compelling it (2) to bring a suit for damages or other relief against some third person who had caused legal injury to the corporation.[2]

It has long been recognized, both in Georgia and in other jurisdictions, that "[t]he corporation is a proper and indispensable party to a suit brought by one or more stockholders for its benefit."[3] In *Greenwood v. Greenblatt*, our Supreme Court stated that "[t]he right of action against officers and directors to redress, or to recover damages for, wrongs inflicted by them upon the corporation is in the corporation and not in the stockholders."[4] If the corporation refuses to take action, and the stockholders sue to compel officers or directors to account for waste or misapplication of corporate funds, "the corporation should be before the court and should be made either a party complainant or defendant," and the suit must be brought "for the benefit of the corporation."[5]

Because the right of action for corporate wrongs is in the corporation, the plaintiff shareholder in a derivative suit is at best a nominal plaintiff, and the corporation is the real party in interest.[6] The

---

[1] See *Ross v. Bernhard*, 396 U. S. 531, 534 (90 SC 733, 24 LE2d 729) (1970).

[2] (Punctuation omitted.) *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 586 (397 SE2d 699) (1990).

[3] *Wagner v. Biscoe*, 190 Ga. 474, 477 (9 SE2d 650) (1940), quoting 14 CJ, § 1461, p. 941. See also *City of Davenport v. Dows*, 85 U. S. 626, 627 (21 LE 938) (1874).

[4] 173 Ga. 551, 556 (3) (161 SE 135) (1931).

[5] Id. at 557-558 (3).

[6] See *Ross*, supra at 538; *Koster v. Lumbermens Mut. Cas. Co.*, 330 U. S. 518, 522-523 (67 SC 828, 91 LE 1067) (1947). Although in certain limited circumstances a shareholder may bring a direct action in his own right, see *Thomas v. Dickson*, 250 Ga. 772 (301 SE2d 49) (1983); *Grace Bros. v. Farley Indus.*, 264 Ga. 817 (450 SE2d 814) (1994), Kilburn did not purport to do so, nor does he contend on appeal that his complaint should be considered a direct

Eleventh Circuit has noted that,

> as a practical matter, the corporation is initially named as a defendant. In this way the stockholder insures the presence of the corporation as an indispensable party. Once joined and present before the court, the corporation is then realigned, if necessary, according to its real interests.[7]

The U. S. Supreme Court has stated that, "[a]lthough named a defendant, [the corporation] is the real party in interest, the stockholder being at best the nominal plaintiff."[8] Regardless of the proper procedure for joining the corporation, it seems clear that the mere fact that a shareholder has filed a derivative action for the benefit of the corporation does not mean that the corporation itself has properly been made a party to the action, either as a plaintiff or a defendant.

Young asserts that, because Kilburn failed to include the corporation as an indispensable party, the trial court properly dismissed the action. Young relies on *Smyly v. Smith,* in which our Supreme Court stated that "the corporation is not merely a proper party, but is an essential, indispensable party, and a failure to make the corporation a party is not a mere defect of parties, but leaves the stockholder without a cause of action and the court without jurisdiction."[9]

At the time *Smyly* was decided, Georgia courts drew a distinction between "the mere nonjoinder of a proper party . . . and the failure to name an indispensable party, whose presence before the court is essential to an adjudication of the right of recovery prayed."[10] In upholding the dismissal of the shareholder's complaint, *Smyly* relied on *Sowell v. Sowell*[11] for the proposition that "the omission to name an essential, indispensable party results in the failure of the petition to set forth a cause of action and subjects it to general demurrer."[12] *Sowell,* in turn, stated that

> [t]he rule in Georgia is that the failure to name a proper party is a matter for special demurrer. The failure to name a necessary or indispensable party, such as the grantor in a deed which is sought to be canceled, is not a mere defect, but

---

action. Accordingly, we do not consider whether the complaint would be viable as a direct action.

[7] *Liddy v. Urbanek,* 707 F2d 1222, 1224 (11th Cir. 1983).

[8] *Ross,* supra at 538.

[9] 216 Ga. 529 (118 SE2d 188) (1961).

[10] Id. at 529 (2). Accord *Wagner,* supra at 477.

[11] 212 Ga. 351 (92 SE2d 524) (1956).

[12] *Smyly,* supra at 529-530 (2).

leaves the petitioner without a cause of action and the court without jurisdiction.[13]

Thus, dismissal of a shareholder derivative suit for failure to name the corporation was based not on considerations peculiar to such a suit, but on the general principle that failure to name an indispensable party subjected a suit to general demurrer.

After the decisions in *Smyly* and *Sowell*, however, the legislature passed the Civil Practice Act, OCGA § 9-11-1 et seq. OCGA § 9-11-19 (a) (1) provides that a person "shall be joined as a party" if "[i]n his absence complete relief cannot be afforded among those who are already parties." If such a party "has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff."[14] This section had been construed to mean that "[t]he proper remedy for failure to join indispensable parties is not dismissal, but joinder. . . . Before granting a motion to dismiss for failure to join indispensable parties, a court must allow a reasonable time for the absent parties to be joined."[15] The Supreme Court has stated that "[o]rdinarily, it is error to dismiss a petition or complaint for failure to join an indispensable party. Such a party should be joined in the action so the case can be considered on its merits."[16] And we have held that "while the failure to name one as a party might be the basis for corrective action as prescribed in [OCGA § 9-11-19], it is not cause for dismissal of the complaint under the ground of failure to state a claim upon which relief can be granted."[17]

Although the parties have cited no cases applying this principle in the context of a shareholder derivative action, we see no reason why it should not be so applied.[18] As discussed above, the rule requiring dismissal of a derivative suit for failure to name the corporation was based upon the general principle that failure to join an indispensable party subjected a complaint to dismissal. Since that principle no longer applies following adoption of the Civil Practice Act, the trial court erred in dismissing Kilburn's complaint for failing to join

---

[13] *Sowell*, supra at 353.

[14] OCGA § 9-11-19 (a).

[15] *Altama Delta Corp. v. Howell*, 225 Ga. App. 78, 81 (3) (483 SE2d 127) (1997).

[16] (Citation omitted.) *Dismuke v. Stynchcombe*, 237 Ga. 420, 421 (4) (228 SE2d 817) (1976).

[17] (Punctuation omitted.) *Empire Banking Co. v. Martin*, 133 Ga. App. 115, 119 (210 SE2d 237) (1974).

[18] The Supreme Court has applied this principle to another situation mentioned in *Sowell*. In *Smith v. Merchants & Farmers Bank &c.*, 226 Ga. 715, 718-719 (3) (177 SE2d 249) (1970), the Court stated that "[p]rior to the enactment of the Civil Practice Act . . . the failure of the plaintiff to name the grantor or grantee in the deed sought to be canceled would have required the dismissal of the action," but that afterwards it was an "amendable defect."

an indispensable party, without allowing a reasonable time for joinder.

2. Because it is apparent that the trial court's order granting attorney fees was premised solely upon its dismissal of Kilburn's complaint, the award of attorney fees must also be reversed.[19]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 30, 2000.

*Fellows, Johnson & La Briola, Henry D. Fellows, Jr., Brad S. Kalter, Eric A. Kane*, for appellant.

*Long, Aldridge & Norman, Deborah Ebel, John L. Watkins*, for appellee.

---

[19] We also note that the trial court's order was defective in that it failed to specify the particular conduct supporting an award of attorney fees. See *La Petite Academy v. Prescott*, 234 Ga. App. 32, 34-35 (2) (506 SE2d 183) (1998).