## A08A0881. GRIGGS v. FLETCHER et al.
### (668 SE2d 521)

SMITH, Presiding Judge.

Ray Griggs appeals from a jury verdict establishing a boundary line in a lawsuit he filed against Juanita Fletcher and Cora Flynt (the

defendants). Griggs asserts the trial court erred by: (1) allowing the defendants to demand a trial by jury in the middle of a bench trial; and (2) admitting into evidence a Georgia Power photograph with an overlaid drawing of the area in question. We find no merit in these claims and affirm.

1. Griggs asserts that the trial court erred by allowing the defendants to demand a jury trial after a bench trial had commenced. He asks this court to order a continuation of the bench trial as a remedy for this alleged wrong, even though a new trial before a jury has been completed. Based upon the particular factual circumstances with which the trial court was confronted, we find no error.

The record from the first bench trial shows that after the close of Griggs's case and during direct examination of Fletcher, the trial court expressed confusion over the exact boundary lines at issue in the case. After defense counsel agreed that Griggs was making a boundary line claim not included in his complaint, the trial court stated:

> See now, when y'all talked to me, now my understanding the only line we were talking about is that straight line. I didn't know we were having a problem with that one. . . . I'm going to tell you, [Griggs's counsel], I don't recall you ever saying we were dealing with that either. I mean I've sat here and listened for about an hour. I can — when I do cases, I know pretty much what I'm looking for and we have never even discussed that. And I haven't even been watching closely, listening to that because to me it wasn't the issue.

After Griggs's counsel asserted the claim was included in his complaint, the trial court responded, "I ha[d] a pretrial conference back there and y'all didn't argue anything about that land, now." The trial court then ruled that it would either move forward with the bench trial and hear both issues, or allow the defendants to demand a jury trial and continue the case. The defendants accepted the trial court's invitation to demand a jury trial.

In a subsequent written order denying Griggs's motion to quash the defendants' jury trial demand, the trial court stated:

> The Court conducted a pre-trial conference with attorneys for both parties prior to beginning the bench trial. The bench trial began . . . and [t]he Defendant AND THE COURT were surprised as to the issue of the second parcel being an issue. . . . THEREFORE the Court has deemed that the right of a fair trial could only be preserved by not

going forward at the time and granted the Defendants' Motion for Jury Trial.

Based on our review of the transcript, we conclude that the trial court, in effect, granted a mistrial based upon surprise, and then allowed the defendants to withdraw their waiver of a jury trial. OCGA § 9-11-39 (b) provides that "[i]n all actions . . . where jury trial has been expressly waived, the court may nevertheless order a trial with a jury whose verdict will have the same effect as if trial by jury . . . had not been waived." Based upon this Code provision, the trial court had discretion to allow a jury trial, even after the right to demand one had been waived. The question we must now decide is whether the trial court abused its discretion by doing so after a bench trial had already commenced.

In this case, after a pretrial conference between the parties and the trial court, both the trial court and defense counsel were surprised by the nature of the claims presented by Griggs during the bench trial. Because this conference was not transcribed, we must presume that something transpired during the conference that later caused confusion and surprise regarding the issues to be presented during the bench trial. *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999) (in absence of transcript, appellate court presumes trial court ruled correctly); see also *Sterling, Winchester & Long v. Loyd*, 280 Ga. App. 416, 419 (3) (634 SE2d 188) (2006) (in absence of hearing transcript, nothing for appellate court to review). As the grant of a mistrial is an appropriate remedy for surprise at trial, we find no abuse of discretion by the trial court in terminating the trial and allowing the defendants to withdraw their waiver and demand a new trial by jury. See *Hunter v. Nissan Motor Co. &c.*, 229 Ga. App. 729, 730 (1) (494 SE2d 751) (1997).

2. In his remaining enumeration of error, Griggs asserts the trial court erred by admitting into evidence, over his objection, an exhibit prepared by Georgia Power depicting the area at issue. Griggs asserts the exhibit should have been excluded because the surveyor who prepared it did not testify, it did not contain a surveyor's stamp or signature, was not certified or authenticated in any way, was not incorporated into a deed, and was labeled "not to scale." We disagree.

"Even if the admissibility of a plat is doubtful, the plat should be admitted for whatever it may be worth to the factfinder, not as original evidence, but as nothing more than a pictorial representation of a matter about which a witness has testified." (Citations and footnote omitted.) *Meadows v. Barker*, 241 Ga. App. 753, 754 (2) (526 SE2d 643) (2000). See also *Durden v. Kerby*, 201 Ga. 780, 781-782 (1) (41 SE2d 131) (1947). The Georgia Power exhibit at issue here was

an aerial photograph with lines drawn over the photograph depicting existing plots of land and the proposed Georgia Power easement. One of the defendants, Flynt, used the exhibit to explain her testimony about her understanding of the location of the boundary line. She also testified that the exhibit was given to her father at the time Georgia Power obtained its easement. Based upon this testimony, we conclude the trial court did not err by admitting it. Id.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 16, 2008.

*Smith, Welch & Brittain, Larry S. Mayfield*, for appellant.
*Chandra T. Jones*, for appellees.