**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2016**

# In the Court of Appeals of Georgia

A16A0818. BEFEKADU v. ADDIS INTERNATIONAL MONEY
TRANSFER, LLC et al.

McMILLIAN, Judge.

In December 2011, Addis International Money Transfer, LLC ("Addis") and a majority of its members filed suit against Tsega Befekadu, the remaining member, for conversion and breach of fiduciary duty. The case went to trial, and on the first day, the trial court disqualified Befekadu's counsel and declared a mistrial. Befekadu then proceeded pro se at the second trial, which resulted in the jury finding in favor of Addis on both claims. Befekadu appealed from the final judgment and the disqualification order. In a prior opinion, this Court concluded that the trial court did not apply the correct legal standards when disqualifying Befekadu's counsel and remanded the case to the trial court for further proceedings. *Befekadu v. Addis Intl.*

*Money Transfer, LLC*, 332 Ga. App. 103, 106-07 (1) (c) (772 SE2d 785) (2015). The case is again before us following the trial court's determination on remand that Befekadu's counsel is disqualified. For the reasons that follow, we find no error and affirm.

1. Befekadu asserts that the trial court erred in disqualifying Oldham by misapplying the facts to the legal principles announced by this Court in our prior opinion. "The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge. This Court will not interfere with a trial court's ruling absent abuse of that discretion." (Citation and punctuation omitted.) *Shuttleworth v. Rankin-Shuttleworth of Georgia, LLC*, 328 Ga. App. 593, 594 (759 SE2d 873) (2014).

In reviewing the trial court's initial disqualification order, we found that the trial court appeared to have used the wrong standards in determining whether Oldham should be disqualified. First, we noted that it is not enough that an attorney previously represented an opposing party in the case. *Befekadu*, 332 Ga. App. at 106 (1) (c). Rather, an attorney is "disqualified from representing a party against a former client in a matter that is substantially related to the lawyer's prior representation." (Citation and punctuation omitted.) Id. A case is "substantially related to a prior representation

if the two have material and logical connections." (Citation omitted.) Id. Thus, we remanded the case to the trial court to "determine whether Addis can show that Oldham's prior legal services on behalf of the LLC were substantially related to Addis's litigation against Befekadu." Id. at 107.

On remand, the trial court conducted a full evidentiary hearing at which "all the individuals" and the previously disqualified counsel, Larry Oldham, testified, and the court heard argument of counsel. However, no transcript of the hearing is included in the record. Thus, although Befekadu argues on appeal[1] that the trial court erred in reinstating the disqualification of Oldham "after being provided with the factual and legal bases that showed there was no legal or factual basis for Oldham to be disqualified," this Court has no method of reviewing what was presented to the trial court on remand. In the absence of a hearing transcript or any record evidence to the contrary, this Court must presume that the trial court properly considered the evidence before it and that its factual findings are supported by the evidence. *Fine v. Fine*, 281

---

[1] We note that Oldham represents Befekadu on this appeal as he did on the previous one. We express no opinion as to whether it is appropriate for Oldham to continue his representation after having been disqualified by the trial court since no other party has sought his disqualification on appeal.

Ga. 850, 852 (2) (642 SE2d 698) (2007). See also *Tyson v. State*, 301 Ga. App. 295, 298 (2) (687 SE2d 284) (2009) (physical precedent only).

Turning to the facts of this case, as found by the trial court on remand and by this Court in the prior appeal, Addis was formed as a limited liability company in 2006 with four members, including Befekadu, to provide money transferring services between the United States and Ethiopia. *Befekadu*, 332 Ga. App. at 103. Oldham was a friend of Befekadu's, who had been authorized by the other members to hire Oldham to perform the work necessary to form the company. At the time, Addis believed that Oldham had prepared an operating agreement, but he had not. However, Oldham had drafted the articles of incorporation, obtained the employer identification number (EIN) for Addis, and was its registered agent through 2011. Each of the members contributed at least $7,000 at the time they joined Addis, and at least some of them believed that they were conducting themselves pursuant to an operating agreement. Id. at 103-04.

In 2010, Befekadu wrote several checks on the LLC's account that the other members alleged they were unaware of and were not authorized under the operating agreement, including a $20,000 payment to himself. Id. at 104. The total amount that Befekadu took from Addis was over $55,000, and a small portion of those funds were

4

used to pay Oldham. Several months later and prior to filing suit, counsel for Addis contacted Oldham, requesting a copy of the operating agreement. Oldham confirmed by email that he had never prepared an operating agreement for Addis and also informed Addis's counsel that he would be representing Befekadu. 332 Ga. App. at 104.

The case subsequently went to trial. During the first trial, Mesfin Shibeshi, the president of Addis, was the first witness to testify. On direct examination, Shibeshi testified that Addis had no operating agreement, interjecting, "In fact, this lawyer which is sitting there, he's the one who tried to set it up. Actually, what he did was he opened the EIN number. That's all he did." Shibeshi also stated that Befekadu had written an unauthorized check for $750 to Oldham, Addis' lawyer.

On cross-examination, Oldham began by asking, "You and I have known each other for quite some time, correct?" before the trial court admonished Oldham to "[j]ust ask questions." Shortly thereafter, opposing counsel objected to Oldham's line of questioning as "testifying," which objection the trial court sustained. And when Oldham began to question Shibeshi regarding Addis' payments to his law firm, the trial court cut him off, explaining "You ask five questions in one and you're testifying and you're getting really close to having a problem." Oldham then presented Shibeshi

5

with a copy of what he characterized as the "articles of organization for the company." The trial court excused the jury for the day and disqualified Oldham, stating:

> You're disqualified. You incorporated this corporation and now you're up here fussing about what was done and when it was done and how it was done. And your name appears on all these documents. That's a disqualification. You can't do it on both sides. You're trying to do it on both sides. . . .

Befekadu proceeded to a second trial several months later, and after an adverse judgment, appealed to this Court, which reversed the disqualification order and remanded the case for further proceedings.

On remand, the trial court concluded in a written order that Oldham's prior representation was "substantially related" to Addis' claims that Befekadu wrongfully converted company funds and breached his fiduciary duty because the lack of an operating agreement or any structure in place (contrary to what the other members of Addis were led to believe) allowed Befekadu to take the funds from Addis.[2] Likewise, Befekadu's defense was that he thought he was authorized to take the funds because

---

[2] We note that the trial court's order on remand is not a model of clarity but recognize that the order and its findings may suffer from lack of context given that we do not have the transcript of the evidentiary hearing on remand.

6

no operating agreement was in place to prevent him from doing so.[3] Thus, as found by the trial court, Oldham's failure to prepare an operating agreement and his receipt of funds, which was not authorized by Addis, were core issues in this case. In addition, the trial court noted that in the first trial Oldham testified that he had been paid in 2010 by Befekadu, but then cross-examined the president of Addis on whether Oldham had been paid in 2006 for his work, thereby inserting his prior representation into the issues to be considered at trial.

We find that the trial court applied the correct legal standard as directed in our prior opinion and that the factual findings on remand support a material and logical connection between the matter presented at trial and Oldham's prior representation. Moreover, we have reviewed the record and find no record evidence to the contrary in the previous trials, and in the absence of a transcript from the evidentiary hearing on remand, there is no basis to determine that the trial court abused its discretion.[4] See

---

[3] The trial court also addressed Befekadu's contention that Addis waived disqualification, finding that Addis could not have anticipated that Oldham would attempt to testify regarding material issues through his cross-examination of Shibeshi.

[4] The dissent takes issue with the order's lack of specific facts to demonstrate a material and logical connection to Oldham's prior representation of Addis, thereby concluding that the trial court's ruling is contrary to the evidence. However, the dissent ignores the fact that the trial court conducted a full evidentiary hearing that included testimony from all parties, and that this evidence is not before us. We do not

*Shuttleworth,* 328 Ga. App. at 594. Accordingly, we affirm the trial court's disqualification of Oldham on the grounds that the issues presented at trial were substantially related to Oldham's prior representation.[5] See *Griggs v. Fletcher*, 294 Ga. App. 60, 62 (1) (668 SE2d 521) (2008) (in the absence of a transcript, appellate court must presume the trial court ruled correctly).

2. Befekadu also asserts several enumerations of error related to the second trial. However, Befekadu failed to support these enumerations with any argument or citation of authorities. Therefore, these enumerations are deemed abandoned.[6] See Court of Appeals Rule 25 (c) (2); *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 780 (3) (637 SE2d 158) (2006).

believe it is appropriate for this Court to discount this evidence of the relationship between the issues presented at trial and Oldham's prior representation, which the trial court heard and relied upon in issuing its order on remand.

[5] The trial court also found that Oldham's representation of Befekadu created an impermissible appearance of impropriety, citing Rule 1.9 (a) of the Georgia Rules of Professional Conduct, and that Oldham attempted to act as both an advocate and a witness in violation of Rule 3.7 (a) of the Georgia Rules of Professional Conduct. Because we affirm the trial court's order on other grounds, we do not need to address these separate issues. However, we note that the dissent asserts that the trial court erred in its application of Rule 1.9 (a).

[6] We note that this Court previously found that Befekadu had abandoned these enumerations of error in his prior appeal. *Befekadu*, 332 Ga. App. at 108-09 (2).

8

*Judgment affirmed. Miller, P. J., Ellington, P. J., Phipps, P. J., Dillard, Branch, Mercier and Peterson, JJ., concur. McFadden, J., dissents.*

A16A0818. BEFEKADU v. ADDIS INTERNATIONAL MONEY
  TRANSFER, LLC et al.

McFADDEN, Judge, dissenting.

I respectfully dissent. I acknowledge at the outset that, in compliance with our instructions on remand, the trial court conducted a full evidentiary hearing and that we do not have a transcript of that hearing. But also in compliance with our instructions, the trial court entered an order with extensive findings of fact. As the majority correctly explains, we must assume that those findings are well supported.

But "assuming that an adequate evidentiary basis exists for the trial court's findings does not automatically yield an affirmance of the result reached." *Sapp v. Canal Ins. Co.*, 288 Ga. 681, 686 (3) (706 SE2d 644) (2011). "[T]he required assumption that an adequate evidentiary basis exists for the trial court's orders does not automatically require affirmance, as [the appellate courts] still must analyze how the law applies to the trial court's findings of fact." *Spurlin v. Spurlin*, 289 Ga. 818,

819 (1) (716 SE2d 209) (2011). "[T]ranscripts of the evidentiary hearings on which a trial court based its order" are not necessary if "the trial court's order establishes that the court did not apply the [applicable law]." *Spann v. State*, 318 Ga. App. 740, 743 (1) (736 SE2d 749) (2012).

I would hold that the trial court's order does not set forth a sufficient basis for disqualification. But contrary to the majority's suggestion, the problem is not simply that the order lacks specificity. The trial court was quite specific about the facts she found important. I likewise disagree with the majority's contention that the order lacks "clarity." The trial court was entirely clear about what she found and what she concluded.

If the trial court had failed to comply fully with our instruction that she "issue an order with necessary findings of fact," *Befekadu v. Addis Intl. Money Transfer, LLC*, 332 Ga. App. 103, 108 (1) (772 SE2d 785) (2015), the remedy would be a second remand. But she did comply.

The difficulty is that her order establishes that she did not correctly apply the applicable law. She cites Rule 1.9 (a) of the Georgia Rules of Professional Conduct for the proposition that "[t]he record in this case shows an impermissible appearance of impropriety and therefore demands disqualification." That is error. In an opinion

forcefully reversing a decision that held an attorney to be disqualified solely on the basis of the appearance of impropriety due to her marital status, Justice Clarke wrote,

> [T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. The mere fact that the public may perceive some conduct as improper is, without some actual impropriety, insufficient justification for interference with a client's right to counsel of choice.

*Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981).

Justice Clarke went on to respond to the "suggest[ion] that the trial court's order of disqualification should not be disturbed on appeal absent an abuse of discretion." Id. at 410. He wrote, "We do not disturb [the trial court's] finding. The disqualification is in the nature of a conclusion of law rather than a finding of fact. This conclusion, based as it is solely on an appearance of impropriety due to status, cannot stand." Id. (citation omitted).

In this case we remanded with instructions "that the trial court should determine whether Addis can show that Oldham's prior legal services on behalf of the LLC were substantially related to Addis's litigation against Befekadu." *Befekadu*, 332 Ga. App. at 107 (1) (c). "A subsequent case may be deemed substantially related to a prior representation if the two have material and logical connections." Id. at 106 (1)

3

(c) (citation omitted). In particular we wrote, "Although it does not appear from the existing record that Oldham was actively representing the LLC when the events giving rise to the claims against Befekadu arose, we will leave that determination for the trial court on remand." Id. at 107 (1) (c) (footnote omitted).

On remand, the trial court found no continued representation, apart from service as a registered agent: "Larry Oldham formed the Limited Liability Company, articles of incorporation, EIN number and was its Registered Agent through 2011." But, the trial court went on to find, he "did not prepare an operating agreement, although Addis International Money Transfer, LLC thought he had."

"[T]he lack of an operating agreement," the trial court concluded, "resulted in" the dispute between these parties. And the trial court held "[t]he issues of failure to prepare an operating agreement and receipt of [some of the funds at issue] to be "core issue in this case." But the core issues in this case are the mutual rights and obligations of the parties. Oldham is not a party. The issue is the parties' rights and obligations under the facts before us — not what those rights and obligations might have been in an alternative reality where Oldham had prepared and the parties had entered such an agreement.

4

It is true, in a sense, that any dispute an LLC gets into arises out of its formation and that any dispute among its members arises out of the initial agreement among them. But the concept of a material and logical connection will not stretch so far. The trial court's findings do "not set forth any specific fact or assert any special knowledge that [Oldham] might have gleaned from [his prior representation of the LLC] which would have been material to the present suit, or in any manner, have gained advantage for the [defendant Befekadu] or worked a disadvantage to [the LLC]." *Cardinal Robotics v. Moody*, 287 Ga. 18, 22 (694 SE2d 346) (2010) (citation omitted).

The concept of a material and logical connection is bounded by the countervailing interest in the right to counsel.

> The right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. Disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and inevitably causes delay. A client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and 'may lose the benefit of its longtime counsel's specialized knowledge of its operations. Because of the right involved and the hardships brought about, disqualification of chosen counsel should be seen as an extraordinary remedy and should be granted sparingly.

5

*Bernocchi v. Forcucci*, 279 Ga. 460, 462 (2) (614 SE2d 775) (2005) (citations and punctuation omitted). Those considerations gain even greater salience here because the cost is known: Befekadu went to trial pro se and lost.

Finally to the extent the trial court ruled that Oldham was disqualified because he attempted to act as both an advocate and a witness, her ruling is contrary to our earlier opinion. We held in our earlier opinion that to sustain disqualification on that basis, the lawyer's testimony must be relevant to *disputed*, material questions of fact and there must be no other evidence available to prove those facts. *Befekadu*, 332 Ga. App. at 108 (1) (c). Here, Oldham's testimony concerned only undisputed facts – that he had filed the articles of organization and that he had been paid $750 out of the money at issue. That testimony was not a ground for disqualification.