**February 12, 2020**

# In the Court of Appeals of Georgia

A19A1683. EVONNE BROOKS et al. v. QUINLAN et al.

RICKMAN, Judge.

This case involves a dispute between Judith Quinlan and Evonne Brooks, former joint members of Classic Real Estate Options, LLC ("CREO"), a Georgia limited liability company. The question presented is twofold: (1) whether the trial court erred in allowing Quinlan to realign the parties of her complaint so as to name CREO a party plaintiff rather than a nominal defendant; and (2) in thereafter disqualifying trial counsel for Brooks and Flip & Flow, LLC[1] because counsel had filed an answer and other motions on behalf of CREO while it was a nominal defendant. We conclude that the trial court did not abuse its discretion in allowing the

---

[1] Flip & Flow Properties, LLC is a separate and otherwise unrelated company managed by Brooks to which Brooks alleged she delegated certain duties related to the management of CREO.

party realignment nor in holding that counsel's continued representation of Brooks and Flip & Flow after CREO had been realigned violated Rule 1.9 of the Georgia Rules of Professional Conduct. Accordingly, we affirm the ruling of the trial court.

The undisputed facts are as follows. In 2013, Quinlan and Brooks formed CREO as joint members in order to invest in real estate. Quinlan provided all of CREO's financial capital and was a 75% member, and Brooks managed CREO's operations and was a 25% member. CREO held interests in several properties which generated rental income to be distributed to Quinlan and Brooks in proportion to their respective percentage interests held.

In May 2016, Quinlan informed Brooks that she had not received profit distributions owed to her by CREO since November of the previous year. On July 25, 2016, Quinlan purported to exercise her right under the CREO operating agreement to take unilateral action as the majority member to remove Brooks and elect herself manager of CREO. Brooks challenged both Quinlan's authority to take the unilateral action and the validity of the operating agreement under which Quinlan was acting.

Quinlan ultimately filed the instant lawsuit naming Brooks and Flip & Flow[2] as defendants and naming CREO as a nominal defendant. The complaint sought a declaration that Quinlan had the authority as the majority member to remove Brooks and elect herself sole manager of CREO, and further alleged various acts of misconduct by "defendants." It specifically asserted a claim for breach of contract, fraud, and breach of fiduciary duty brought directly by Quinlan, and a second claim of breach of fiduciary duty brought "derivatively on behalf of CREO," seeking to "redress injuries suffered . . . by CREO as a direct result" of Brooks's alleged misconduct.

Brooks/Flip & Flow's counsel, Craig Long, filed an answer on behalf of all defendants, including CREO. Quinlan moved to strike the answer filed on CREO's behalf, noting that CREO was named as a nominal defendant due to the parties' dispute as to who was its "proper [m]anager," but nevertheless asserting that CREO's interests were adverse to Brooks/Flip & Flow and that by denying the allegations of the complaint on behalf of those defendants and CREO, counsel was in effect working against the company's interests by denying that it was entitled to relief. Long

_____

[2] At some point Brooks represented to Quinlan that she had delegated the duty of making CREO distributions to Flip & Flow.

filed a response in opposition to the motion to strike, asserting that the relief sought by Quinlan in the derivative count "does not advance [CREO's] interests" and "will harm CREO."

The trial court denied the motion to strike after concluding it could not be "properly analyze[d]." Specifically, the court held that it was "impossible to decipher who the parties are as they relate [to] the individual counts of the complaint" due to the "cavalier" nature in which the complaint referenced "defendants" without distinguishing between the party defendants and the nominal defendant.

Quinlan thereafter filed a motion for partial summary judgment, seeking a declaration that she was the proper manager of CREO and, therefore, "solely entitled to exercise all of the rights, duties, and responsibilities reserved for" the manager as set forth in CREO's operating agreement.[3] The trial court granted Quinlan's motion and declared her the sole manager of CREO.

---

[3] Brooks opposed the motion and contended that she and Quinlan had executed an amended operating agreement that governed the operation of CREO and purported to tender a copy of the amended agreement. Quinlan disputed that the parties had ever amended the operating agreement and submitted the affidavit and report of a handwriting expert who opined that Quinlan's signature on the documents tendered by Brooks had been forged. Brooks never produced the original or any admissible evidence of the purported amended agreement.

4

In March 2018, Quinlan filed a motion to realign the parties so as to name CREO a party plaintiff. Attached as exhibits to her motion were copies of correspondence exchanged between her counsel and Long after the trial court declared her the sole manager of CREO. In the first letter, Quinlan requested that Long stop talking or acting on CREO's behalf, relinquish possession of all corporate documents and records, and withdraw as CREO's counsel. Long filed a notice of intent to withdraw as counsel with the court, but responded to Quinlan's letter by informing her that he would not remit any corporate files or information until CREO's outstanding invoices totaling over $4,000 were paid. The correspondence continued with Quinlan insisting that she, as CREO's rightful manager, opposed Long's representation from the beginning, and further asserting that Long's continued refusal to remit corporate records violated Georgia's Rules of Professional Conduct.[4] In response, Long maintained that he was not violating any rule of professional conduct because his notice of intent to withdraw had not been effectuated, and he

---

[4] See Georgia Rule of Professional Conduct 1.16 (a) (1), (3) ("[A] lawyer shall . . . withdraw from the representation of a client if . . . the representation will result in violation of the Georgia Rules of Professional Conduct or other law; . . . or . . . the lawyer is discharged.").

denied that he was in possession of any CREO files or documents that had not previously been produced. A discovery dispute ensued.

In July 2018, Quinlan filed an amended complaint realigning CREO as a party plaintiff and asserting a direct, as opposed to derivative, claim for breach of fiduciary duty on behalf of CREO.[5] She concurrently filed a motion to disqualify Long, arguing that his continued representation of Brooks/Flip & Flow violated Rule 1.9 of the Georgia Rules of Professional Conduct. Brooks/Flip & Flow opposed both motions and moved to strike the amended complaint.

The trial court issued the instant order which, in part, granted the motion to realign, declared the amended complaint the operative complaint of the lawsuit, and granted Quinlan's motion to disqualify counsel. Brooks/Flip & Flow filed an application for interlocutory appeal, which this Court granted, and this appeal follows.[6]

_____

[5] Quinlan's counsel represented on the record that the trial court had verbally stated that it was inclined to grant Quinlan's motion to realign the parties during a non-transcribed hearing prior to the filing of the amended complaint.

[6] In its order granting the petition for immediate review pursuant to OCGA § 5-6-34 (b), the trial court attempted to limit this Court's review solely to the issue of attorney disqualification. We note, however, that in accordance with OCGA § 5-6-34 (d), "[w]here an appeal is taken under . . . subsection . . . (b) . . . of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and

1. Brooks/Flip & Flow contend that the trial court erred in allowing the realignment because Quinlan failed to meet the statutorily defined preconditions for filing a derivative suit,[7] and that her failure to do so was a jurisdictional matter. They argue, therefore, that the trial court lacked subject matter jurisdiction over the derivative claim and that CREO should have been dismissed from the case.

Viewed within the historical context of this case, Quinlan named CREO as a nominal defendant and filed its claim for damages as a derivative one after Brooks repeatedly and emphatically challenged Quinlan's assertion of managerial control of the company. The complaint included a request for a declaratory judgment that Quinlan was the proper manager of CREO with the authority to cause it to sue in its

---

which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere." We have considered all of the issues raised by Brooks/Flip & Flow on appeal.

[7] See OCGA § 14-11-801, which sets out five preconditions to a member commencing a derivative action in the right of a limited liability company in order to recover a judgment in its favor. Brooks argues that Quinlan failed to meet two of them; namely, she did not lack the authority to cause CREO to sue in its own right, and she did not make a sufficient written demand. See OCGA § 14-11-801 (1), (2).

own name, and Quinlan filed an amended complaint after her authority to act directly on the company's behalf was legally established.

This Court has previously recognized that in a shareholder derivative action, the corporation, as a practical matter, is initially named as a defendant. See *Bobick v. Community & Southern Bank*, 321 Ga. App. 855, 869, n.8 (4) (743 SE2d 518) (2013). "In this way the stockholder insures the presence of the corporation as an indispensable party" and "[o]nce joined and present before the court, the corporation is then realigned, if necessary, according to its real interests." (Citation and punctuation omitted.) Id.

To that end, "the trial court [has] the discretion, at any stage of the action and on such terms as are just," to realign the parties. (Citation and punctuation omitted.) *Cawthon v. Waco Fire and Cas. Ins. Co.*, 259 Ga. 632, 633 (386 SE2d 32) (1989); see OCGA § 9-11-21. Further, Georgia law expressly dictates that "[m]isjoinder of parties is not ground for dismissal of an action," but rather "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative." OCGA § 9-11-21; see *Kilburn v. Young*, 244 Ga. App. 743, 746 (1) (536 SE2d 769) (2000) (applying the joinder provisions of the Civil Practice Act to a shareholder derivative action).

8

In accordance with this statutory and case law, the trial court clearly had the authority to allow the realignment of CREO as a party plaintiff. See generally OCGA § 9-11-21; *Bobick*, 321 Ga. App. at 869, n.8 (4); *Kilburn*, 244 Ga. App. at 746 (1). Brooks/Flip & Flow's contention that a trial court lacks jurisdiction in a shareholder derivative suit to realign a corporate entity named as a nominal defendant unless the court first determines that the action could proceed to its conclusion as a purely derivative proceeding runs afoul of this governing law. It follows that the trial court did not abuse its discretion in granting Quinlan's motion for realignment and allowing CREO to be named a party plaintiff. See OCGA § 9-11-21.

2. Brooks/Flip & Flow further assert that the trial court erred in disqualifying Long because they contend that he represented CREO only as a nominal defendant. "The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge." (Citation and punctuation omitted.) *Befekadu v. Addis Intl. Money Transfer,* 339 Ga. App. 806, 807 (1) (795 SE2d 76) (2016). Thus, "[t]his Court will not interfere with a trial court's ruling absent abuse of that discretion." (Citation and punctuation omitted.) Id.

Georgia's Rules of Professional Conduct prohibit a lawyer who has formerly represented a client from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former gives informed consent, confirmed in writing." Georgia Rule of Professional Conduct 1.9 (a). Comment (1) to that Rule illustrates by way of example that, "a lawyer who has represented multiple clients in a matter [cannot then] represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients in that matter, unless all affected clients give informed consent."

It is undisputed that Long initially represented Brooks/Flip & Flow and CREO in this same matter; Brooks/ Flip & Flow are now being sued by CREO; Brooks/Flip & Flow's interests are materially adverse to CREO's; and CREO does not consent to Long's continued representation of Brooks/ Flip & Flow. These facts establish a clear violation of Rule 1.9 (a) on its face.

Brooks/Flip & Flow nevertheless argue that Long's representation of CREO was of no consequence and done only in CREO's nominal capacity. Upon consideration of that argument, the trial court concluded:

10

A review of the file makes it difficult to make such a finding. [Quinlan] filed a Motion to Strike CREO's answer on the grounds that CREO was only a nominal defendant whose interests were against those of Brooks. The nominal defendant, [Quinlan] urged, was really more like a [p]laintiff than a [d]efendant and should not be represented at all really but certainly not by the same attorney as Brooks.

[Long] filed a response solely on behalf of CREO arguing that the complaint sought to harm CREO by removing Brooks as both a member and a manager. He argued in the response that CREO was more a defendant in the normal non-nominal sense of the word and that its interests were materially adverse to [Quinlan]. That filing, and the length of the employment, makes it impossible to cast the representation as so minimal that it should be ignored. Nor can the Court tell from the record if any information might have been acquired during representation. The record supports the trial court's conclusions in that regard.

Brooks/Flip & Flow argue further that because Quinlan – the rightful manager of CREO – objected to Long's representation of the company from the commencement of the lawsuit, everything he filed on its behalf was legally ineffective. But Long's conflict arises from his representation of multiple clients in the same lawsuit at a point of time in which those clients' interests are now opposed; thus, the pertinent inquiry is not the legal import of the pleadings, but rather his filing

11

of the pleadings themselves. See Georgia Rule of Professional Conduct 1.9 (a); see also id. at Comment (1).

For these combined reasons, we conclude that the trial court did not abuse its discretion in granting the motion to realign the parties and in disqualifying Long as counsel for Brooks/Flip & Flow.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*