**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 1, 2024**

# In the Court of Appeals of Georgia

A24A0158. MURRAY et al. v. LEXINGTON PARK OF FULTON COUNTY COMMUNITY ASSOCIATION, INC.

MILLER, Presiding Judge.

In this dispute between a homeowners association and certain members thereof, the trial court dismissed the members' complaint for failure to state a claim upon which relief could be granted, concluding that they lacked standing to bring a direct action. Because we conclude that the members must bring their claims in a derivative action, we affirm the trial court's ruling but remand for the entry of an order specifying that the complaint be dismissed without prejudice.

> It is well settled that a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted

in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo.

(Citations and punctuation omitted.) *GeorgiaCarry.org v. Atlanta Botanical Garden*, 299 Ga. 26, 28 (1) (785 SE2d 874) (2016). "[I]n ruling on a motion to dismiss, a trial court is authorized to consider exhibits attached to and incorporated into the complaint." *Lord v. Lowe*, 318 Ga. App. 222, 223 (741 SE2d 155) (2012).

Here, the complaint and the documents attached thereto show that Lexington Park is a residential subdivision in Fulton County. The Lexington Park of Fulton County Community Association, Inc. ("the Lexington Park Association" or "the Association"), is the incorporated non-profit organization that manages and controls the subdivision. The subdivision is subject to a declaration of protective covenants, conditions, restrictions, and easements ("the Declaration"), which establishes a

mandatory membership homeowners association, and the affairs of the Association are subject to a set of bylaws ("the Bylaws").

In October 2021, five homeowners and members of the Lexington Park Association filed the instant lawsuit against the Association.[1] The members alleged in their complaint that the Association had violated the Declaration and the Bylaws by: improperly suspending the voting rights of the members; failing to follow proper voting, election, and meeting procedures; misappropriating funds; failing to follow the proper budgeting process; and improperly amending the Declaration. The members requested a declaratory judgment that the Association had violated the Declaration and the Bylaws, as well as an order requiring it to comply with the Declaration and the Bylaws.

The Lexington Park Association filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted under OCGA § 9-11-12 (b) (6), arguing that because the plaintiffs' claims involved alleged conduct that did not impact them uniquely but impacted other members of the Association and the

---

[1] The homeowners and members were Morcia Lewis, Casey Murray, Sherry Moreland, Earl Sullivan, and Yevette Sullivan. Murray and Moreland subsequently filed an amended complaint alleging additional violations of the Declaration and the Bylaws by the Association.

Association as a whole, the plaintiffs lacked standing to bring a direct action on their own behalf and were limited to bringing a derivative action on behalf of the Association.

Following a hearing,[2] the trial court issued an order granting the motion to dismiss. The court concluded that the plaintiffs lacked standing to bring a direct action against the Lexington Park Association and were required to bring their claims in a derivative action. The court explained that the injuries set forth in the plaintiffs' complaint were not separate and distinct from those suffered by other members of the Association, and the plaintiffs did not have a contractual right that existed independently of any right of members of the Association. Plaintiffs Casey Murray and Sherry Moreland then filed the instant appeal.[3]

1. Murray and Moreland appear to argue that the trial court erred by failing to consider their response to the motion to dismiss on the basis that it was untimely.[4] But

---

[2] There is no transcript of this hearing in the record on appeal.

[3] Plaintiffs Morcia Lewis, Earl Sullivan, and Yevette Sullivan have not participated in this appeal.

[4] We have addressed Murray and Moreland's arguments in a different order than they have presented them on appeal.

4

Murray and Moreland's argument about the timeliness of their response presents nothing for us to review because it is clear from the court's order that the court considered the response. See *Blair v. Bishop*, 290 Ga. App. 721 n.1 (660 SE2d 35) (2008) ("It is well-settled that a person may only challenge a ruling which has adversely affected his or her own rights.") (citation omitted).

2. Murray and Moreland argue that they have standing to bring a direct action because (a) they have separate and distinct injuries from other members of the Lexington Park Association and (b) the Declaration gives them the contractual right to sue for violations of the Declaration and the Bylaws. We disagree, but we conclude that the dismissal of the plaintiffs' complaint should have been without prejudice.

Claims by members of a corporation against the corporation can be brought in either direct actions or derivative actions. *Grace Bros., Ltd. v. Farley Indus.*, 264 Ga. 817, 819 (2) (450 SE2d 814) (1994); *North Walhalla Properties v. Gates Condo. Assn.*, 358 Ga. App. 272, 274-275 (1) (855 SE2d 35) (2021); OCGA §§ 14-3-740 & 14-3-741. "In a nonprofit derivative suit, a member asserts for the corporation's benefit rights or remedies belonging to the corporation, not to the member. The wrong which the action seeks to redress is one which the corporation, not the individual, has

sustained." (Citation omitted.) *Knaack v. Henley Park Homeowners Assn.*, 365 Ga. App. 375, 379 (1) (877 SE2d 821) (2022); see also OCGA § 14-3-740 (defining a "derivative proceeding" to include "a civil suit in the right of a domestic corporation"). In a derivative suit the corporation is the real party in interest, *Kilburn v. Young*, 244 Ga. App. 743, 744 (1) (536 SE2d 769) (2000), and any damages recovered are paid to the corporation. *Rollins v. LOR, Inc.*, 345 Ga. App. 832, 852 (4) (815 SE2d 169) (2018). Derivative suits are subject to unique procedures and rules regarding steps that must be taken before filing suit and who may file suit. See OCGA §§ 14-3-741 to 14-3-746.

> Members or directors of nonprofit corporations may also bring direct actions against the corporation, but only if the member suffered a special injury as a result of the corporate wrong. To have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation. To sustain a direct action, the plaintiff must allege an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation. In other words, for a plaintiff to have standing to bring an individual action, she must be injured directly or independently of the corporation.

(Citations and punctuation omitted.) *Knaack*, supra, 365 Ga. App. at 379-380 (1).

"The purpose of a derivative action is to protect the corporation and its assets." (Citation omitted.) *North Walhalla Properties*, supra, 358 Ga. App. at 274 (1). And "[o]ne of the primary underlying reasons for the derivative action — especially applicable to nonprofits — is to avoid a multiplicity of lawsuits." (Citation omitted.) *Knaack*, supra, 365 Ga. App. at 379 (1).

(a) First, we conclude that the plaintiffs have not alleged an injury that is separate and distinct from that suffered by other members of the Lexington Park Association, or a wrong involving a contractual right that exists independently of any right of the Association. Instead, the plaintiffs have complained about alleged actions taken by the Association — violations of voting, budgeting, and meeting procedures, misappropriation of funds, and improper amendment of the Declaration — that affect other members of the Association and the Association as a whole. This Court has explained that

> claims related to election procedures, breach of fiduciary duties, negligent misuse of corporate funds, usurpation of corporate opportunities, personal use of assets without sufficient compensation, mismanagement, and corporate waste are not separate and distinct causes of action creating a right of direct action in an individual member.

7

*North Walhalla Properties*, supra, 358 Ga. App. at 275 (1); see also *Practice Benefits, LLC v. Entera Holdings, LLC*, 340 Ga. App. 378, 381 (2) (797 SE2d 250) (2017) ("[T]he right to proper election procedures inures to the benefit of all members."). Thus, the trial court properly concluded that the plaintiffs lacked standing to bring their claims in a direct action. See *North Walhalla Properties*, supra, 358 Ga. App. at 273, 275 (1) (plaintiffs' claims that a condominium association failed to follow proper budgeting and meeting procedures needed to be brought in a derivative action); *Ga. Appreciation Property v. Enclave at Riverwalk Townhome Assn.*, 345 Ga. App. 413, 418-423 (1) (812 SE2d 157) (2018) (physical precedent only) (claim by members of a townhome association that challenged amendment to governing documents of the association was required to be brought in a derivative action); *Crittenton v. Southland Owners Assn.*, 312 Ga. App. 521, 523-525 (2) (718 SE2d 839) (2011) (declaratory-judgment claim by members of a homeowners association as to whether the association employed proper election-voting procedures needed to be brought in a derivative action); compare *Practice Benefits, LLC*, supra, 340 Ga. App. at 381 (2) (plaintiff was not required to bring claims in a direct action where plaintiff alleged that it was the only owner whose voting rights were wrongfully taken away, the only owner

who did not receive distributions, and the only owner who was not returned its initial capital contribution).

(b) Second, we conclude that, while the Declaration includes an enforcement provision, the Declaration does not create a right for the plaintiffs to bring a direct action. The Declaration provides:

> Each Owner and occupant shall comply strictly with the Bylaws, rules and regulations and use restrictions, as amended or modified from time to time, and with the covenants, conditions, easements and restrictions set forth in this Declaration. . . . Failure to comply with this Declaration, the Bylaws or the rules and regulations shall be grounds for an action to recover sums due for damages or injunctive relief or both, maintainable by the Association, the Declarant or an aggrieved Owner. . . .

> The covenants, conditions, restrictions and easements contained in this Declaration shall run with and bind the subdivision, and shall inure to the benefit of and shall be enforceable by the Association, the Declarant and any Owner, their respective legal representatives, heirs, successors, and assigns, perpetually to the extent provided by law[.]

Although this enforcement provision appears to create a right for individual members of the Association to enforce the Declaration and the Bylaws, the provision does not specifically create a right to bring such an enforcement action as a direct

action. Indeed, a derivative action against the Association would constitute a satisfactory method for the members to enforce the Declaration and the Bylaws.

Murray and Moreland appear to assert that *McGee v. Patterson*, 323 Ga. App. 103 (746 SE2d 719) (2013), a case which involved a similar enforcement provision in the covenants of a homeowners association, establishes that the enforcement provision here allows them to bring a direct action. *McGee*, however, did not address or discuss the issue of whether the plaintiffs could bring a direct action. Instead, this Court held that given the language of the enforcement provision at issue, the trial court erred in ruling that the plaintiffs lacked standing to bring a lawsuit challenging an increased assessment on the basis that they had yet to pay the assessment. Id. at 107-108 (1). The question of standing can arise in multiple contexts, including the issue of whether there is an actual controversy or whether a plaintiff has suffered a cognizable injury. See *Sons of Confederate Veterans v. Henry County Bd. of Comm.*, 315 Ga. 39, 43-63 (2) (880 SE2d 168) (2022). *McGee* simply did not address the issue of standing to bring a direct or a derivative action and thus does not control the outcome in this case. See *Cook v. State*, 313 Ga. 471, 478 (2) (a) (870 SE2d 758) (2022) ("Decisions of . . . the Court of Appeals do not stand for points that were neither raised by the parties nor

actually decided in the resulting opinion, and questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.") (citation and punctuation omitted).

(c) Lastly, although the trial court correctly determined that Murray and Moreland could not bring their claims in a direct action, we conclude that the court should have dismissed the suit without prejudice.

"[A] plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction." (Citation omitted.) *Sherman v. Dev. Auth. of Fulton County*, 324 Ga. App. 23 (749 SE2d 29) (2013). And "the involuntary dismissal of a declaratory-judgment action for want of justiciability does not operate as an adjudication on the merits and is instead an issue of subject-matter jurisdiction. Accordingly, dismissal must be without prejudice." (Citation omitted.) *Pinnacle Benning, LLC v. Clark Realty Capital, LLC*, 314 Ga. App. 609, 614-615 (1) (724 SE2d 894) (2012). However, the trial court's order here does not specify whether the complaint was dismissed with or without prejudice, and we presume that actions have been dismissed with prejudice when a motion is granted under OCGA § 9-11-12 (b)

(6). Id. at 614 (1). We must therefore remand to the trial court for entry of an order dismissing the plaintiffs' complaint without prejudice. See *Knaack*, supra, 365 Ga. App. at 381 (1) (b) (claim that was brought in a direct action but should have been brought in a derivative action should have been dismissed without prejudice); *Pinnacle Benning, LLC*, supra, 314 Ga. App. at 617-618 (2) (a) (remanding to the trial court for entry of an order specifying that the dismissal of a claim that was brought in a direct action but should have been brought in a derivative action be dismissed without prejudice).

Accordingly, for all the foregoing reasons, we affirm the trial court's dismissal of the plaintiffs' complaint but remand for the entry of an order dismissing the complaint without prejudice.

*Judgment affirmed and case remanded with direction. Markle and Land, JJ., concur.*