## LEE *v.* LEE.

1. The act of December 22, 1892, amending section 4711 of the code so as to confer a right of trial by jury in certain cases of contempt, has no application to a proceeding pending before a judge of the superior court to enforce the payment of alimony by a husband to his wife; nor is the defendant in such a proceeding entitled to demand a jury to pass upon the question of his ability to comply with an order of the judge directing the payment by him of certain sums as alimony.

2. In the present case there was no abuse of discretion, nor error requiring a reversal.

February 7, 1896.

Petition for alimony.    Before Judge Clark.    Rockdale county.    October 31, 1895.

*Glenn & Irwin* and *A. C. McCalla*, for plaintiff in error.
*George W. Gleaton*, contra.

SIMMONS, Chief Justice.

Pending her suit for divorce Mrs. Lee applied to the court for temporary alimony and counsel fees, and the court ordered the husband to pay her $20 per month alimony and $25 for counsel fees.    The counsel fees were paid, but the husband declined to pay the $20 per month, and paid to the clerk of the court $10 per month, which the wife refused to receive, and she moved for an attachment requiring him to pay the amount awarded to her.    Upon the hearing of this motion the court reduced the alimony to $10 per month until the next term of the court.    At that term the matter was again taken up, and evidence was heard as to the ability

of the husband to pay alimony; after which the court ordered him to pay $15 per month for alimony, and $15 for additional counsel fees on account of the extra service performed by counsel since the former order was passed. At this hearing the defendant asked that the question of his ability to pay additional alimony and counsel fees be submitted to a jury, as the issue involved was one of fact and the decree of the court might affect his personal liberty. To the refusal of this request the defendant excepted.

The court did not err in refusing to submit this question to a jury. The act of December 22, 1892, amendatory of section 4711 of the code (Acts 1892, p. 65), which was relied upon by the defendant as entitling him to have the matter passed upon by a jury, does not, in our opinion, apply to cases of contempt arising out of the refusal of a husband to pay alimony. The act was passed to meet that class of cases where an insolvent debtor or other person is alleged to have in his custody, power or control, a certain sum of money which he has been directed by the court to turn over to a receiver, or to the plaintiff or some other person, and fails or refuses to surrender. The question which the act provides shall be submitted to the jury makes it clear that the act was intended to apply to that class of cases only. Here the question is not, as in those cases, whether a person alleged to have a certain fund in his power, custody or control refuses to surrender it, but whether a person who has been ordered to pay so much from time to time for the support of his wife is able to earn, or to provide from such means as he has, a sufficient sum to pay the allowance ordered by the court.

Under the evidence in the record, there was no abuse of discretion by the court in the amount allowed by the order.

*Judgment affirmed.*