### 15989. LEWIS *v.* THEODORO.

BROYLES, C. J. 1. The respondent in contempt proceedings is not entitled to a trial by jury except where a jury trial is expressly provided for by statute, and the trial court in the instant case did not err in refusing to submit the issues of fact to a jury. Civil Code (1910), § 4643; *Kingsbery* v. *Ryan,* 92 *Ga.* 108 (17 S. E. 689); *Lee* v. *Lee,* 97 *Ga.* 736 (25 S. E. 174); *Briesnick* v. *Briesnick,* 100 *Ga.* 57 (3) (28 S. E. 154); *Davis* v. *Davis,* 138 *Ga.* 8 (74 S. E. 830).

2. The right to be heard is a substantial one, even in a contempt proceeding, and where, as in the instant case, the trial court strikes the sworn answer of the respondent, and refuses to hear any evidence offered by him in an effort to purge himself, but finds him guilty and orders that he be imprisoned, it is a gross abuse of discretion and erroneous. See *Wheeler* v. *Thomas,* 57 *Ga.* 161 (3).

3. Where, in a trover suit to recover a diamond ring, the defendant turns over the ring to his attorney for the purpose of securing a condemnation-money bond, and where the plaintiff elects to recover the ring itself, and the trial court finds for the plaintiff and orders that the ring be turned over to him, and where, subsequently, in a contempt proceeding, the defendant pleads his inability to comply with the order of the court on account of the death of his attorney to whom he had delivered the ring for the purpose above indicated, it is error for the court to adjudge him in contempt, it appearing that the defendant had not

violated any order of the court directing him not to dispose of the ring, and that the condemnation-money bond was amply sufficient to cover any damages that might result to the plaintiff.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1925.

Contempt; from city court of Athens—Judge Bradwell. September 27, 1924.

*Carlisle Cobb,* for plaintiff in error.

*T. J. Shackelford, W. K. Meadow,* contra.

