61013. TOOLE et al v. I. T. T. GRINNELL CORPORATION.

BANKE, Judge.

This is an appeal by the plaintiffs from a judgment entered on a verdict for the defendant in a wrongful death case. The decedent was electrocuted as he was raising a derrick into position to service a well which was located almost directly underneath high-voltage power lines owned by the defendant. *Held:*

1. There is no support in the record for the plaintiffs' first enumeration of error, which concerns the manner in which the jury was impaneled. Furthermore, a challenge to the manner in which the jury panel is drawn must be made before verdict, no matter when it is discovered, and no such challenge was made in this case. See *Thomasson v. Hudmon,* 185 Ga. 753 (3) (196 SE 462) (1938); *Lindsey v. State,* 57 Ga. App. 158 (2) (194 SE 833) (1938).

2. The judge did not abuse his discretion in refusing to postpone closing arguments to a later date where one of the jurors requested that court be adjourned at 4:00 p.m. so that she could make a doctor's appointment but later withdrew that request and expressed a preference for continuing the trial past 4:00 p.m. Cf. *Bolton &c. Center v. C. & S. Nat. Bank,* 151 Ga. App. 21 (1) (258 SE2d 682) (1979).

3. There was no requirement that the defendant's engineering experts be licensed as practicing engineers pursuant to Code Ann. Chapter 84-21 in order to testify as experts in that field, where they otherwise qualified as experts by virtue of their learning and experience. Accord, *Macon R. & Light Co. v. Mason,* 123 Ga. 773 (5) (51 SE 569) (1905). See generally *Carter v. Marble Products, Inc.,* 179 Ga. 122 (1) (175 SE 480) (1934); *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830) (1962).

4. There was no error in refusing to disqualify one of the law firms representing the defendant based on a showing that the firm had represented the decedent during his lifetime. According to the record, the extent of the representation was that the decedent had sought the firm's advice as to whether he had a legal claim arising out of a shrimp boat accident, and the firm had advised him that he did not. It was not shown that the firm had acquired from its dealings with the defendant any information which was in any way related to this case. " 'There is no rule of law or of ethics which prevents an attorney from taking employment in a case merely because he has previously represented . . . an opposite party to the case, provided the cases are not related to each other in some substantial respect.' *Tilley v. King,* 190 Ga. 421, 424 (9 SE2d 670) (1940)." *Bolton &c. Center v. C. & S. Nat. Bank,* 151 Ga. App. 21, at 23, supra.

The allegation that some of the jurors may have known that the firm had been employed by the decedent prior to his death and may therefore have been prejudiced against the plaintiffs because the firm was not pitted against him is not supported by the record.

5. The plaintiffs could not have been harmed by the court's refusal to charge Code Ann. § 34B-203, which prohibits the "operation, erection, handling, storage, or transportation of any tools, machinery, equipment, supplies, materials, or apparatus . . . under, over, by or near high-voltage lines . . . if at any time . . . such equipment, tools, machinery, supplies, materials, apparatus, building or structure, or any part thereof, will be brought within eight feet of any such high-voltage lines, except where such high-voltage lines have been effectively guarded against danger from accidental contact" by the implementation of certain stated measures. This statute imposes no duty on the owner of the lines in the absence of notice to the owner that such work will be performed in proximity to the lines. Accord Code Ann. § 34B-205. See generally *Carden v. Ga. Power Co.,* 231 Ga. 456 (202 SE2d 55) (1973). It is undisputed that no such notice was given in this case.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 4, 1980 — DECIDED NOVEMBER 14, 1980 —

REHEARING DENIED NOVEMBER 25, 1980 —

*Robert M. Ray, Jr.,* for appellants.
*Malberry Smith, Charles Brown,* for appellee.