**THIRD DIVISION
BARNES, P. J.,
BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 18, 2015**

# In the Court of Appeals of Georgia

A14A1643. BEFEKADU v. ADDIS INTERNATIONAL MONEY
TRANSFER et al.

Branch, Judge.

Addis International Money Transfer, LLC (the "LLC"), and a majority of its members (collectively, "Addis") sued Tsega Befekadu for conversion and misappropriation of the LLC's assets and for breach of fiduciary duty. During the first trial of those claims, the trial court disqualified Befekadu's counsel and declared a mistrial. Befekadu proceeded pro se at the second trial, and the jury awarded Addis compensatory damages for the conversion claim, attorney fees and expenses, and punitive damages. The trial court subsequently entered an order and final judgment based on the jury's verdict. Befekadu appeals that order and the disqualification order from the first trial. We conclude that the trial court did not apply the correct legal

standards when disqualifying counsel for Befekadu and therefore vacate the judgment and remand the case to the trial court for proceedings consistent with this opinion. With respect to Befekadu's appeal of the final judgment, we conclude that he has abandoned the errors he enumerated with respect to the second trial because he failed to support them with argument or citation of authority.

The LLC was formed in 2006 as a small money transferring company that was principally involved in transferring funds between the United States and Ethiopia. There were originally four members of the LLC — Mesfin Shibeshi, Befekadu, Thomas Teshome, and Woinshet Desta. Shibeshi was the president, Befekadu was the treasurer, Teshome was the secretary, and Desta was a cashier. All of the members had contributed at least $7,000.00 to become a part of the LLC. The LLC conducted business without a written operating agreement.

In 2010, Befekadu wrote several checks on the LLC's account that were allegedly not authorized, including a payment of approximately $20,000 to himself. According to Shibeshi, he contacted Befekadu numerous times asking him to explain the unauthorized transactions, but Befekadu did not respond. In April 2011, before the lawsuit was filed, counsel for Addis contacted Larry Oldham, the attorney who had set up the LLC, asking for a copy of the operating agreement. Oldham responded

2

that his work on behalf of the LLC consisted of filing the articles of incorporation and obtaining an employer identification number, and that he never prepared an operating agreement for the company. Oldham also notified counsel for Addis that he would be representing Befekadu in the dispute. In December 2011, Addis filed suit against Befekadu, seeking to recover the amounts allegedly taken from the LLC, plus attorney fees and expenses, and punitive damages.

During the first trial, Shibeshi was the first witness and Oldham was cross-examining him when the trial court excused the jury for the day and the following transpired:

> THE COURT: Mr. Oldham
> [COUNSEL]: Yes, Your Honor.
> THE COURT: Tell me why you are not disqualified from representing the Defendant in this case.
> [COUNSEL]: Your Honor, all I did is form the - -
> THE COURT: I don't care what all you did was. Why are you not disqualified?
> [COUNSEL]: I don't believe that I am disqualified.
> [ADDIS'S COUNSEL]: We requested that and he said no.
> THE COURT: You're disqualified. You incorporated this corporation and now you're up here fussing about what was done and when it was done and how it was done. And your name appears on all these documents. That's a disqualification. You can't do it on both sides.

3

You're trying to do it on both sides. . . . What do the Plaintiffs want to do?

[ADDIS'S COUNSEL]: We're happy to let him be disqualified.

THE COURT: Then you're disqualified and we'll have to - - I will discharge the jury.

[COUNSEL]: Your honor, I would like to say that we did discuss this back early on. All that I did, on behalf of this company, was to - -

THE COURT: The minute you say, all that I did, is enough to disqualify you.

[COUNSEL]: Okay. I filed the articles of incorporation.

THE COURT: That's the rules. Let me say this. I've just been disqualified from a criminal case because I represented the victim's mother in 1995. Once you touch it, you're in trouble. So I'm going to have to declare a mistrial.

Following the mistrial, the trial court issued an order disqualifying Oldham as counsel for Befekadu. The order held that an attorney cannot represent a party against a party he has previously represented, an attorney cannot cross-examine a witness about matters arising out of his previous representation of that witness, and an attorney cannot be a witness in a trial except for the issue of attorney fees in that case. Befekadu filed a motion for reconsideration of the disqualification order in which Oldham stated in his place that the only legal service he had provided to the LLC was the filing of the articles of incorporation, at Befekadu's request. Oldham also stated

4

that the issue of disqualification had been discussed with Addis's counsel and that he had encouraged them to file a motion with the court to resolve the issue, but that they had failed to do so. Three days later and before any response was filed by Addis, the trial court denied the motion for reconsideration.

1. Befekadu contends that the trial court erred by entering the disqualification order in the first trial and leaving him with no practical alternative but to represent himself at the second trial. Because the correct standards were not applied to determine whether Oldham should have been disqualified as counsel for Befekadu, we remand the case to the trial court for consideration of this issue pursuant to the standards outlined in this opinion. See *Bernocchi v. Forcucci*, 279 Ga. 460, 463-464 (2) (614 SE2d 775) (2005).

(a) Initially, we address Addis's argument that Befekadu's appeal of the disqualification order should be dismissed because he did not obtain a certificate of immediate review at the time the order was entered. Although disqualification orders are interlocutory and subject to the interlocutory appeal procedure, "relief from an erroneous disqualification order is [also] available on appeal from a final judgment." *Settendown Public Utility v. Waterscape Utility*, 324 Ga. App. 652, 654, 657 (751

SE2d 463) (2014). Thus, Befekadu's appeal of the disqualification order is not subject to dismissal for failure to pursue an interlocutory appeal.

(b) Next, we consider Befekadu's contention that Addis has waived any possible grounds for disqualifying Oldham as his counsel. Befekadu correctly points out that even if a conflict of interest exists, such conflict can be waived by failing to raise the issue with reasonable promptness after a party discovers the facts that would support a motion to disqualify. See *Rescigno v. Vesali*, 306 Ga. App. 610, 613 (1) (703 SE2d 65) (2010). Here, however, the disqualification issue was raised and ruled on by the trial court before any potential waiver could be considered. On remand, Befekadu will have the opportunity to argue that Addis waived any conflict of interest and have that issue considered by the trial court.

(c) Finally, we consider whether the trial court properly disqualified Befekadu's counsel.

> The right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. In determining whether to disqualify counsel, the trial court should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel. We review the court's ruling for abuse of discretion.

6

*Clough v. Richelo*, 274 Ga. App. 129, 132 (1) (616 SE2d 888) (2005) (citation and punctuation omitted).

Contrary to the trial court's disqualification order, an attorney is not prevented from "taking employment in a case merely because he previously represented . . . an opposite party to the case." *Toole v. I. T. T. Grinnell Corp.*, 156 Ga. App. 591, 592 (4) (275 SE2d 97) (1980) (citations and punctuation omitted). An attorney is, however, "disqualified from representing a party against a former client in a matter that is 'substantially related' to the lawyer's prior representation." *Rescigno*, 306 Ga. App. at 612 (1) (citations and footnote omitted).[1] A subsequent case may be deemed substantially related to a prior representation if the two have material and logical connections. *Duvall v. Bledsoe*, 274 Ga. App. 256, 259 (617 SE2d 601) (2005). In addition, Comment 3 to Rule 1.9 (a) provides that:

---

[1] See also Rule 1.9 (a) of the Georgia Rules of Professional Conduct which provides as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

7

Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

Accordingly, on remand, the trial court should determine whether Addis can show that Oldham's prior legal services on behalf of the LLC were substantially related to Addis's litigation against Befekadu.

An attorney is also disqualified from representing "a client against a former client in an action that is of the same general subject matter, and grows out of an event that occurred during the time of such representation." *Cramer v. County of Spalding*, 261 Ga. 570, 571 (1) (409 SE2d 30) (1991), quoting *Crawford W. Long Mem. Hosp. v. Yerby*, 258 Ga. 720, 722 (3) (373 SE2d 749) (1988). Disqualification in that situation is limited to cases where "the lawyer was actively representing the party . . . when the events giving rise to the case in question occurred." *Cramer*, 261 Ga. at 571 (1) (citation omitted). Although it does not appear from the existing record that Oldham was actively representing the LLC when the events giving rise to the

claims against Befekadu arose, we will leave that determination for the trial court on remand.[2]

The trial court also ruled that an attorney may not be a witness in a case except for the issue of attorney fees in that case,[3] which is not entirely accurate. Rule 3.7 (a) of the Georgia Rules of Professional Conduct provides that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

To sustain disqualification under Rule 3.7, the party seeking disqualification must show that the lawyer "is likely to be a necessary witness by demonstrating that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." *Clough*, supra, 274 Ga. App. at

---

[2] The trial court also stated that an attorney cannot cross-examine a witness about matters arising out of his previous representation of that witness. This does not appear to be a separate basis for disqualification, but merely the trial court's rationale for its decision to disqualify counsel based on his prior representation of Addis.

[3] Oldham was listed in the pretrial order as a witness the plaintiffs may have present at trial , but he had not taken the stand as a witness in the case before he was disqualified. The trial court did, however, sustain an objection from counsel for Addis that Oldham was testifying during Shibeshi's cross-examination and stopped the examination at another point and told Oldham that he was testifying.

132 (1) (citation, punctuation and footnote omitted). The trial court should employ these standards on remand to determine whether to disqualify Oldham on the basis of the lawyer acting as a witness.

Although an evidentiary hearing is not required before counsel can be disqualified, *Shuttleworth v. Rankin-Shuttleworth of Ga.*, 328 Ga. App 593, 597 (2) (759 SE2d 873) (2014), it is necessary in this case to allow the parties to submit evidence in support of their positions before the trial court determines whether disqualification is appropriate. If, following that hearing, the trial court determines that disqualification was appropriate, the trial court shall reinstate the judgment and Befekadu will have the right to appeal that decision. If the trial court determines that disqualification was not appropriate, the judgment will remain vacated and Befekadu will have the right to pursue a new trial. In either instance, the trial court is instructed to issue an order with necessary findings of fact.

2. With respect to the second trial, Befekadu contends that the trial court erred by not allowing him to be represented by counsel of his choice, allowing the jury to hear testimony about his prior counsel's disqualification, overruling numerous objections, allowing the jury to enter an improper and confusing verdict, failing to give jury instructions that had been requested in the first trial, and failing to declare

10

a mistrial when the jury returned a punitive damages award during the first phase of the trial. Because Befekadu failed to support these contentions in his appellant's brief with argument or citation of authority, he abandoned them on appeal.

Befekadu did not address the alleged errors from the second trial in his initial brief, but did so in his reply brief.[4] Court of Appeals Rule 25 (a) (3) provides that the appellant's brief *shall* contain argument and citation of authorities. Where an error is enumerated but not discussed in the body of the brief, it is deemed abandoned. *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 780 (3) (637 SE2d 158) (2006); Court of Appeals Rule 25 (c) (any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned). Once an error has been abandoned in an initial brief, it cannot be resurrected by supplying argument and citation of authority in a reply brief. *Lang v. Becham*, 243 Ga. App. 132 (530 SE2d 746) (2000); *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994). Thus, Befekadu has abandoned the errors he has enumerated with respect to the second trial.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Boggs, J., concur.*

---

[4] Befekadu stated that he did not address these issues in his initial brief because of space limitations, but there is no indication in the record that he moved to exceed the page limitations as provided for in Court of Appeals Rule 25 (f).