McFADDEN, Judge,
dissenting.
I respectfully dissent. I acknowledge at the outset that, in compliance with our instructions on remand, the trial court conducted a full evidentiary hearing and that we do not have a transcript of that hearing. But also in compliance with our instructions, the trial court entered an order with extensive findings of fact. As the majority correctly explains, we must assume that those findings are well supported.
But “assuming that an adequate evidentiary basis exists for the trial court’s findings does not automatically yield an affirmance of the result reached.” Sapp v. Canal Ins. Co., 288 Ga. 681, 686 (3) (706 SE2d 644) (2011). “[T]he required assumption that an adequate eviden-tiary basis exists for the trial court’s orders does not automatically *811 require affirmance, as [the appellate courts] still must analyze how the law applies to the trial court’s findings of fact.” Spurlin v. Spurlin, 289 Ga. 818, 819 (1) (716 SE2d 209) (2011) (citation omitted). “[Transcripts of the evidentiary hearings on which a trial court based its order” are not necessary if “the trial court’s order establishes that the court did not apply the [applicable law]Spann v. State, 318 Ga. App. 740, 743 (1) (736 SE2d 749) (2012).
I would hold that the trial court’s order does not set forth a sufficient basis for disqualification. But contrary to the majority’s suggestion, the problem is not simply that the order lacks specificity The trial court was quite specific about the facts she found important. I likewise disagree with the majority’s contention that the order lacks “clarity.” The trial court was entirely clear about what she found and what she concluded.
If the trial court had failed to comply fully with our instruction that she “issue an order with necessary findings of fact,” Befekadu v. Addis Intl. Money Transfer, 332 Ga. App. 103, 108 (1) (c) (772 SE2d 785) (2015), the remedy would be a second remand. But she did comply
The difficulty is that her order establishes that she did not correctly apply the applicable law. She cites Rule 1.9 (a) of the Georgia Rules of Professional Conduct for the proposition that “[t]he record in this case shows an impermissible appearance of impropriety and therefore demands disqualification.” That is error. In an opinion forcefully reversing a decision that held an attorney to be disqualified solely on the basis of the appearance of impropriety due to her marital status, Justice Clarke wrote:
[T]he right to counsel is an important interest which requires that any curtailment of the client’s right to counsel of choice be approached with great caution. The mere fact that the public may perceive some conduct as improper is, without some actual impropriety, insufficient justification for interference with a client’s right to counsel of choice.
Blumenfeld v. Borenstein, 247 Ga. 406, 408 (276 SE2d 607) (1981).
Justice Clarke went on to respond to the “suggestion] that the trial court’s order of disqualification should not be disturbed on appeal absent an abuse of discretion.” Blumen feld, 247 Ga. at 410. He wrote, “We do not disturb [the trial court’s] finding. The disqualification is in the nature of a conclusion of law rather than a finding of fact. This conclusion, based as it is solely on an appearance of impropriety due to status, cannot stand.” Id. (citation omitted).
*812 In this case we remanded with instructions that “the trial court should determine whether Addis can show that Oldham’s prior legal services on behalf of the LLC were substantially related to Addis’s litigation against Befekadu.” Befekadu, 332 Ga. App. at 107 (1) (c). “A subsequent case may be deemed substantially related to a prior representation if the two have material and logical connections.” Id. at 106 (1) (c) (citation omitted). In particular we wrote, “Although it does not appear from the existing record that Oldham was actively representing the LLC when the events giving rise to the claims against Befekadu arose, we will leave that determination for the trial court on remand.” Id. at 107 (1) (c) (footnote omitted).
On remand, the trial court found no continued representation, apart from service as a registered agent: “Larry Oldham formed the Limited Liability Company, articles of incorporation, EIN number and was its RegisteredAgent through 2011.” But, the trial court went on to find, he “did not prepare an operating agreement, although Addis International Money Transfer, LLC thought he had.”
“[T]he lack of an operating agreement,” the trial court concluded, “resulted in” the dispute between these parties. And the trial court held “[t]he issues of failure to prepare an operating agreement and receipt of [some of the funds at issue]” to be a “core issue in this case.” But the core issues in this case are the mutual rights and obligations of the parties. Oldham is not a party. The issue is the parties’ rights and obligations under the facts before us — not what those rights and obligations might have been in an alternative reality where Oldham had prepared and the parties had entered such an agreement.
It is true, in a sense, that any dispute an LLC gets into arises out of its formation and that any dispute among its members arises out of the initial agreement among them. But the concept of a material and logical connection will not stretch so far. The trial court’s findings do
not set forth any specific fact or assert any special knowledge that [Oldham] might have gleaned from [his prior representation of the LLC] which would have been material to the present suit, or in any manner, have gained advantage for the [defendant Befekadu] or worked a disadvantage to [the LLC],
Cardinal Robotics v. Moody, 287 Ga. 18, 22 (694 SE2d 346) (2010) (citation omitted).
*813 Decided November 18, 2016
Reconsideration dismissed December 13, 2016
Larry C. Oldham, for appellant.
Phillips Law, Amelia T. Phillips; Ehrman Law, Harold D. Ehr-man, for appellees.
The concept of a material and logical connection is bounded by the countervailing interest in the right to counsel.
The right to counsel is an important interest which requires that any curtailment of the client’s right to counsel of choice be approached with great caution. Disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and inevitably causes delay. A client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel’s specialized knowledge of its operations. Because of the right involved and the hardships brought about, disqualification of chosen counsel should be seen as an extraordinary remedy and should be granted sparingly
Bernocchi v. Forcucci, 279 Ga. 460, 462 (2) (614 SE2d 775) (2005) (citations and punctuation omitted). Those considerations gain even greater salience here because the cost is known: Befekadu went to trial pro se and lost.
Finally to the extent the trial court ruled that Oldham was disqualified because he attempted to act as both an advocate and a witness, her ruling is contrary to our earlier opinion. We held in our earlier opinion that to sustain disqualification on that basis, the lawyer’s testimony must be relevant to disputed, material questions of fact, and there must be no other evidence available to prove those facts. Befekadu, 332 Ga. App. at 108 (1) (c). Here, Oldham’s testimony concerned only undisputed facts — that he had filed the articles of incorporation and that he had been paid $750 out of the money at issue. That testimony was not a ground for disqualification.