**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A0788. MCCARTHY v. ASHMENT.

COOMER, Judge.

Following a hearing, the trial court found Joseph McCarthy in contempt of court for violating a divorce decree by failing to pay child support. McCarthy appeals the contempt order as well as several other orders that preceded the contempt ruling. McCarthy, who is pro se, has been particularly litigious following his divorce from Annie Ashment.[1] In the present appeal, McCarthy raises 13 enumerations of error, which this Court will address in turn.[2] For the following reasons, we affirm.

---

[1] See *McCarthy v. Ashment-McCarthy*, 295 Ga. 231 (758 SE2d 306) (2014)*; McCarthy v. Ashment*, 338 Ga. App. 858 (790 SE2d 651) (2016).

[2] McCarthy identifies 13 numbered errors in his brief on appeal, however, he does not support the second enumeration of error by citation of authority or argument in the brief, nor by specific reference to the record or transcript. See *Befekadu v. Addis Intl. Money Transfer, LLC*, 332 Ga. App. 103, 108 (2) (772 SE2d 785) (2015) ("Where an error

"On appeal from an order finding a party in civil contempt, if there is any evidence from which the trial court could have concluded that its order had been violated, this Court is without power to disturb the judgment absent an abuse of discretion." *In re Singleton*, 323 Ga. App. 396, 403 (2) (b) (744 SE2d 912) (2013). The relevant facts show that Ashment and McCarthy divorced in 2012. Ashment was given primary physical custody of the couple's four young children, and the decree obligated McCarthy to pay $800 per month in child support. McCarthy appealed, and the Georgia Supreme Court found that McCarthy was barred from challenging the amount of child support; vacated the attorney fee award and remanded for a new hearing; and broadly rejected McCarthy's additional claims of error in which he attacked the discretion of the trial court. See *McCarthy*, 295 Ga. at 231. On June 5, 2015, the trial court entered an order awarding Ashment $42,599.06 in attorney fees, which it apportioned under OCGA § 9-15-14 (b) and OCGA § 19-6-2.

McCarthy was found to be in arrears in his payments and twice in 2013 McCarthy was found in contempt and ordered jailed until he purged himself. In November 2016, Ashment filed a contempt motion based upon McCarthy's failure

---

is enumerated but not discussed in the body of the brief, it is deemed abandoned." (citation omitted)).

to pay over $50,000 in child support and the attorney fee award. McCarthy had the case removed to federal court, and the case was remanded to superior court in December 2016.

McCarthy filed multiple motions to recuse the trial judge and the entire Cobb County Judicial Circuit. The second motion was heard by Judge Sutton, who did not preside over the divorce. On July 5, 2017, Judge Sutton entered an order denying the recusal motion, finding McCarthy had not shown good cause for recusal and that the motion was untimely. McCarthy again filed a motion to recuse the trial judge and the entire Cobb County Judicial Circuit, and the motion was later denied.

McCarthy then filed: (1) a motion to dismiss the contempt citation; (2) a motion to disqualify Ashment's attorney; and (3) a demand for a jury trial. The trial court denied these motions. On June 28, 2018, following a hearing, the trial court entered an order finding McCarthy to be in contempt for: failing to pay child support; failing to pay medical and school expenses; failing to obtain medical insurance for the children; and failing to pay attorney fees in accordance with the June 2015 order. The trial court ordered McCarthy incarcerated until he purged himself by paying $10,000 toward his arrearage and paying an additional $800 per month.

Although the court noted that McCarthy was unemployed, the court found McCarthy was capable of working, but refused to look for employment since he was living with a fiancé who provided for all of his needs. The court also found that McCarthy had borrowed substantial sums from his mother and fiancé, which he did not use toward his support obligations. Although he claimed to be destitute, McCarthy opened credit card accounts and purchased his fiancé an expensive watch. The trial court also ordered McCarthy to pay $7,566.54 in attorney fees under OCGA § 19-6-2. This appeal followed.

1. McCarthy first argues the trial court erred by failing to dismiss Ashment's contempt motion because it failed to comply with the express language of OCGA § 19-6-28 (b). Specifically, McCarthy contends Ashment's motion failed to comply with the rule nisi and time requirements of OCGA § 19-6-28 (b) and thus he was entitled to a dismissal of the motion for contempt. We disagree.

OCGA § 19-6-28 (b) provides, in pertinent part:

In any proceeding to enforce a temporary or permanent grant of alimony or child support by attachment for contempt, the petitioner may serve the motion and rule nisi by mailing a copy of the motion and rule nisi by first-class mail, postage prepaid, to the respondent[.] . . . A child support contempt motion shall be served upon a respondent with a notice that contains a date certain for hearing which shall be no later than 30 days

4

from the date of service of the motion, unless good cause for a later date is found by the court, in which event the time for a hearing may be extended for up to 30 days.

The record shows that Ashment filed a motion for citation for contempt on November 11, 2016. The motion was served on McCarthy on November 14, 2016. McCarthy was later served with a Rule Nisi on December 7, 2016, which set the matter down for trial on January 10, 2017. Thus, our review of the record reveals that McCarthy was served with the Rule Nisi within 30 days of the date of service of Ashment's motion and this enumeration of error lacks merit.

2. McCarthy next argues the trial court erred by not disqualifying Ashment's attorney after an alleged conflict of interest was established. We disagree.

The right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. In determining whether to disqualify counsel, the trial court should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel. We review the court's ruling for abuse of discretion.

*Befekadu v. Addis Intl. Money Transfer*, 332 Ga. App. 103, 106 (1) (c) (772 SE2d 785) (2015) (citation omitted). Here, McCarthy filed a motion to disqualify

Ashment's current attorney, Hylton Dupree, on the grounds that during the pendency of their divorce, McCarthy's mother called Dupree regarding McCarthy's pending divorce action to inquire as to whether Dupree's firm could represent McCarthy. McCarthy alleged that his mother spoke with Dupree for 37 minutes and during the call Dupree was provided privileged information by McCarthy's mother about McCarthy. Dupree denied there was a conflict and filed an affidavit from his law firm's administrator to that effect. Following a hearing, the trial court denied the motion. Despite McCarthy's contentions to the contrary, he has failed to show the trial court abused its discretion in its refusal to disqualify Ashment's attorney. Consequently, we affirm the trial court's judgment in this regard.

3. McCarthy next argues the trial court erred in refusing to allow for a jury trial pursuant to OCGA § 15-1-4 (b) regarding the contempt action relating to a child support and attorney fee arrearage. We disagree.

OCGA § 15-1-4 (b) provides that:

No person shall be imprisoned for contempt for failing or refusing to pay over money under any order, decree, or judgment of any court of law or any other court of this state when he denies that the money ordered or decreed to be paid over is in his power, custody, or control until he has a trial by jury in accordance with the following provisions:

(1) The allegation of the plaintiff, receiver, referee, or any other person or persons that the defendant accused of contempt has a certain sum of money within his power, custody, or control, which he is withholding or refuses or fails to pay over, and the denial of the defendant that he has the power, custody, or control of the money shall form the issue to be tried by the jury, and the jury shall decide the issue of fact;

(2) The issue being made, a bond may be required in the discretion of the court for the appearance of the defendant for trial, which bond shall be of sufficient size to ensure the attendance of the defendant to appear and answer the final judgment or decree in the case and shall be approved by the judge. On failure of the defendant to appear, the bond shall be forfeited as in criminal cases. If bond is required but not posted the defendant may be committed to jail for safekeeping until trial; and

(3) The judge presiding shall cause questions to be propounded in writing to the jury and every question propounded shall be answered by the jury in its verdict. Upon the answers made, the judge shall adjudge or decree whether the defendant is in contempt. Either party shall have the right to move for a new trial and to appeal as in other civil cases.

However, our Supreme Court "has long held that a person is not entitled to a jury trial on the issue of ability to pay or contempt for failure to pay alimony and child support." *Bernard v. Bernard*, 347 Ga. App. 429, 433 (2) (819 SE2d 688) (2018).[3]

> And while none of our Supreme Court's opinions appear to address the plain meaning of OCGA § 15-1-4 (b) or its similarly worded predecessor statutes, this is ultimately of no consequence. We are bound by these decisions and must apply them in this case. Thus, because [McCarthy]

---

[3] *Brannon v. Brannon*, 225 Ga. 677, 677 (3) (171 SE2d 123) (1969) ("The respondent in the contempt proceeding for failure to pay an alimony judgment was not entitled to a jury trial[.]"); *Blackburn v. Blackburn*, 201 Ga. 793, 796 (3) (41 SE2d 519) (1947) ("In a proceeding before a judge of the superior court to enforce the payment by the father of an allowance made for the support of his children, he is not entitled to demand a jury to pass upon the question of his ability to comply with the terms of the decree."); see *Branch v. Branch*, 219 Ga. 601, 601 (1) (135 SE2d 269) ("[Ga. Code Ann.] § 24-105 does not require a jury trial in the situation here where the respondent is cited for refusing to pay an alimony judgment[.]"); *Stokes v. Stokes*, 126 Ga. 804, 804 (3) (55 SE 1023) (1906) ("The provisions of the Civil Code, § 4046, providing for a trial by jury in certain proceedings for contempt, has no application to a rule for contempt issued in the progress of an alimony case[.]"); *Lee v. Lee*, 97 Ga. 736, 737 (25 SE 174) (1896) (holding that Civil Code § 4711 (1892) had no application in a suit for the collection of alimony). Prior to the enactment of the Official Code of Georgia Annotated, the predecessor statutes to OCGA § 15-1-4 (b)—including Ga. Code Ann. § 24-105 (1) (1981), Civil Code § 4046 (1895), and Civil Code § 4711 (1892)—all used the same operative language as OCGA § 15-1-4 (b), set forth supra. For example, Civil Code § 4711 (1892) provided: "that in no case shall any person be imprisoned for contempt for failing or refusing to pay over money under any order, judgment or decree of any court of law or any court of this State, when he denies that the money ordered or decreed to be paid over is in his power, custody or control, until he [has] had a trial by jury as hereinafter provided . . . "

was not entitled to a jury trial under binding Supreme Court precedent, the trial court did not err in denying his request.

*Bernard*, 347 Ga. App. at 433-434 (2) (footnotes omitted).

4. In his fourth, fifth, and sixth enumerations, McCarthy argues the trial court erred in granting Ashment's motion for contempt because he was not provided notice that Ashment was seeking to have the trial court hold him in contempt for (1) failing to provide medical insurance for his minor children, (2) failing to pay 50% of his minor children's uncovered medical expenses, and (3) failing to pay 50% of all his minor children's extra-curricular activity and school expenses. We disagree.

In the motion for citation for contempt filed with the trial court, Ashment alleged that McCarthy had failed to comply with the terms of the final judgment and decree of divorce and attached as an exhibit to the motion a copy of the final judgment and divorce decree. The motion was served on McCarthy on November 14, 2016. McCarthy was later served with a Rule Nisi on December 7, 2016 which set the matter down for trial on January 10, 2017. The divorce decree provides in pertinent part that

> [McCarthy] shall continue to provide medical insurance for the minor children. . . . The parties shall split all uncovered medical expenses incurred on behalf of the minor children on a 50%-50% basis, with

9

[McCarthy] being responsible for 50% of said expenses[.] Each party shall be responsible for timely payment of one-half of any and all extracurricular activities and/or school expenses incurred by, or on behalf of, the minor child.

At the hearing on the contempt motion, McCarthy testified regarding the health insurance coverage, uncovered medical expenses, and extracurricular activities of his minor children and made no indication to the trial court that he was not prepared for or aware that those matters would be discussed. McCarthy gave direct testimony regarding his financial obligations, including medical expenses for the minor children, and presented a financial affidavit to that effect. Accordingly, we find Ashment's motion gave McCarthy adequate notice of the nature of her claims for contempt. See *Sutherlin v. Sutherlin*, 301 Ga. 581, 587-588 (III) (802 SE2d 204) (2017).

5. McCarthy next contends the trial court erred by failing to follow the mandates of OCGA §§ 7-4-11 and 7-4-12.1 in applying interest to his arrearage of child support or attorney fees. We disagree.

OCGA § 7-4-11 provides that "[u]sury is a personal defense; but a creditor may not collect usurious interest from an insolvent debtor to the prejudice of other

creditors." We find no applicability or relevance of this statute to the facts of this case. On the other hand, OCGA § 7-4-12.1 (a) provides

> All awards, court orders, decrees, or judgments rendered pursuant to Title 19 expressed in monetary amounts shall accrue interest at the rate of 7 percent per annum commencing 30 days from the date such award, court order, decree, or judgment is entered or an installment payment is due, as applicable. The court may modify the date on which interest shall begin to accrue. It shall not be necessary for the party to whom the child support is due to reduce any such award to judgment in order to recover such interest. *The court shall have discretion in applying or waiving past due interest.* In determining whether to apply, waive, or reduce the amount of interest owed, the court shall consider whether:
>
> (1) Good cause existed for the nonpayment of the child support;
>
> (2) Payment of the interest would result in substantial and unreasonable hardship for the parent owing the interest;
>
> (3) Applying, waiving, or reducing the interest would enhance or detract from the parent's current ability to pay child support, including the consideration of the regularity of payments made for current child support of those dependents for whom support is owed; and
>
> (4) The waiver or reduction of interest would result in substantial and unreasonable hardship to the parent to whom interest is owed.

11

(Emphasis supplied).

In its order granting Ashment's motion for citation for contempt, the trial court made several findings of facts regarding the financial circumstances of both parties and ordered McCarthy to pay the arrearage and interest on both child support and attorney fees. The trial court recognized its discretion to apply or waive past due interest, but declined to do so, deciding instead to defer some of McCarthy's interest payments until after the youngest minor child ages out of support, thus prolonging McCarthy's repayment of interest. Thus, under these circumstances, we cannot conclude the trial court abused its broad discretion in awarding interest on the arrearage of child support and attorney fees.

6. McCarthy next argues the trial court was precluded from enforcing a June 5, 2015 order awarding attorney fees to Ashment's prior counsel because the order itself is inherently a nullity. We disagree.

During the pendency of their divorce proceedings, McCarthy filed a motion to recuse Judge Ruben Green and the entire Cobb judicial circuit on November 18, 2013. On August 25, 2014, Judge Kell of the Cobb Superior Court entered a sua sponte order of recusal and transfer. McCarthy contends that no order was ever entered that resolved his motion for recusal prior to the June 5, 2015 order awarding

12

attorney fees. McCarthy argues that under Uniform Superior Court Rule 25.4 (C) (3), the Superior Court of Cobb County was without jurisdiction to enter the order on attorney fees, thereby rendering the order void as a matter of law. In response to this argument, Ashment contends that an October 2, 2014 order was issued by Cobb County Superior Court Judge Lark Ingram, in which McCarthy's motion to recuse was denied. However, the record on appeal is void of any such order.

Uniform Superior Court Rule 25.1 provides, in part:

All motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be timely filed in writing and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded. . . . In no event shall the motion be allowed to delay the trial or proceeding.

USCR 25.3, which provides the framework for the duty of the trial judge, states in relevant part:

When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be

13

authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. The allegations of the motion shall stand denied automatically.

In the present case, there is no indication from the record that the timeliness of the motion or the legal sufficiency of McCarthy's affidavit were reviewed prior to the issuance of the June 5, 2015 order on attorney fees. While it may be that McCarthy's motion to recuse Judge Green and the entire Cobb Judicial Circuit lacked merit, "USCR 25.3 is designed to ensure that a meritless motion accusing a trial judge of prejudice or partiality will be rejected—that is, a formal determination will be made that the judge remains ethically qualified to preside over the case—before the judge continues to act upon the merits of the case." *Mondy v. Magnolia Advanced Materials, Inc.*, 303 Ga. 764, 776 (4) (d) (815 SE2d 70) (2018) (citation omitted). Moreover, USCR 25.4 states that "when the motion pertains to all active judges in the circuit, the district administrative judge shall select a judge outside the circuit to hear the motion." It does not appear that the procedure was followed as it relates to McCarthy's November 2013 motion for recusal.[4]

_____

[4] We note, however, that McCarthy filed a second motion to recuse Judge Green and the Cobb County Judicial Circuit on December 28, 2016, which was assigned to Senior Judge Richard Sutton and ultimately denied.

14

However, contrary to McCarthy's argument, we find no legal authority to support the proposition the filing of a motion for recusal automatically divests a court of jurisdiction over a case unless and until the motion is subsequently ruled upon by another judge. We are also unpersuaded by McCarthy's argument that Judge Kell's sua sponte recusal removed the case from the superior court's jurisdiction, because that order only references Judge Kell's voluntary desire to disqualify himself from the proceeding. Thus, we disagree with McCarthy's contention that the June 5, 2015 order on attorney fees is void.

Additionally, we note that McCarthy never appealed the June 5, 2015 order on attorney fees or moved to have the order set aside, vacated, or reversed. Therefore, the order was valid and enforceable at the time the trial court heard argument on Ashment's motion for citation for contempt, and the trial court did not abuse its discretion by finding McCarthy in contempt of its June 5, 2015 order on attorney fees.

7. McCarthy next argues the trial court was precluded from awarding attorney fees to Ashment pursuant to OCGA § 19-6-2 because (1) Ashment remarried and her entitlement to and ability to seek alimony discontinued; and (2) because the parties' financial circumstances preclude Ashment from recovering attorney fees. We disagree.

15

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011) (citation omitted). OCGA § 19-6-2 (a) provides

> The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or *contempt of court arising out of either an alimony case or a divorce and alimony case,* including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:
>
> (1) *Within the sound discretion of the court*, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party; and
>
> (2) A final judgment as to the amount granted, whether the grant is in full or on account, which may be enforced by attachment for contempt of court or by writ of fieri facias, whether the parties subsequently reconcile or not.

(Emphasis supplied).

Here, the trial court's order clearly demonstrates that the award of attorney fees was pursuant to that statute. McCarthy's argument that Ashment's remarriage precludes an award for attorney fees is unsupported by the record and applicable law.

16

OCGA § 19-6-2 clearly states that attorney fees may be granted in relation to a contempt action arising out of a divorce and alimony case. The record is clear that the trial court's award of attorney fees was for the expenses of litigation and costs associated with pursuing the contempt action against McCarthy for failure to comply with the Final Judgment and Divorce Decree. Additionally, "OCGA § 19-6-2 authorizes a trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties." *Ward*, 289 Ga. at 251 (2) (citation and punctuation omitted). At the hearing on the motion for contempt, the trial court made the following statement in open court:

> So under 19-6-2, I would have to consider the financial circumstances of the party and I've certainly heard [McCarthy's]. But I think I would need to hear - - I understand some of the expenses, but I don't have all of [Ashment's] financial circumstances. So I would need to hear that evidence.

After hearing evidence from both parties regarding their financial circumstances at the hearing, the trial court made specific findings concerning McCarthy's assertions regarding his inability to pay his court-ordered obligations and overall financial circumstances. The trial court used its findings as required by OCGA

17

§ 19-6-2 for the ultimate purpose of ensuring effective representation of both spouses. See *Walton v. Walton*, 285 Ga. 706, 708 (3) (681 SE2d 165) (2009) ("The purpose of allowing attorney fees is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." (citation omitted)). Consequently, based on our review of the transcript and the trial court's order awarding fees, we find no abuse of discretion.

8. Lastly, McCarthy argues the trial court erred by incarcerating him without affording him the opportunity to first comply with the purge conditions set forth by the trial court and by establishing a purge condition that was beyond his ability to control. We disagree.

Following the June 25, 2018 hearing on the motion for contempt, the trial court issued an incarceration order against McCarthy, finding him in willful contempt for failure to pay child support, health insurance, non-reimbursed medical expenses, his portion of the extracurricular activities for his children, and attorney fees. The order set forth a purge condition of $10,000. McCarthy contends that the trial court violated his right to due process by incarcerating him without giving him an opportunity to purge himself from a "new" purge condition of $10,000. In support of his argument, McCarthy relies on this Court's holding in *Norred v. Moore*, where we found that "it

18

is a violation of due process to impose a new monetary obligation and, simultaneously in the same order and without giving the respondent a reasonable opportunity to pay, to hold the respondent in contempt and order him jailed until he purges himself of the contempt by making payment. 263 Ga. App. 516, 518 (2) (b) (588 SE2d 301) (2003).

However, the facts of this case are distinguishable from those in *Norred* in that here, McCarthy was not incarcerated on a new monetary obligation but instead the trial court incarcerated McCarthy on prior monetary obligations, i.e. child support and attorney fee arrearage. Additionally, it is well established under Georgia law that "[a] party who has failed to pay support under a court order when he has the ability to pay may be found guilty of civil or criminal contempt and incarcerated under either." *Hughes v. Georgia Dept. of Human Resources*, 269 Ga. 587, 587 (1) (502 SE2d 233) (1998) (footnote omitted).

Lastly, we note that while McCarthy contends that he "clearly does not have the personal ability to pay $10,000 to satisfy such a purge condition" in order to be released from incarceration, it would appear that at the time he filed his appellate brief, McCarthy had somehow met his purge condition and was no longer incarcerated. While it is true that "[a] trial court . . . may not continue incarceration

19

for civil contempt when the respondent lacks the ability to purge himself," it does not appear that such was ultimately the case for McCarthy. See *Hughes*, 269 Ga. at 587 (2). Accordingly, we find no error.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur*.